SARAH E. PEAKE, Plaintiff in Error, v. THE WABASH RAILROAD COMPANY, Defendant in Error.

ERROR TO CLARK.

A suit in *indebitatus* assumpsit for money due on installments for subscriptions to railroad stock, against a member of the corporation, will authorize a recovery.

The subscription book, with the orders of the company requiring payment, are competent evidence under the geneneral count. Actual notice of the calls, nor demand of payment, need be proved.

The secretary of the company, although a stockholder, is a competent witness to identify the books of organization and records of the company; but for general purposes stockholders cannot be called as witnesses for the corporation.

The books of the company, showing its organization, are competent evidence for that purpose.

Where the title of a law is "The Wabash Valley Railroad Company," but is called in the body of the act "The Wabash Railroad Company," a suit in the name of the latter is proper; the insertion of the word ["*valley*"] in brackets, by the secretary of state, does not change the name of the company. Instruments in writing are not void because made to a party by a wrong name; the error may be explained and avoided by averments and proof.

Where a written instrument is not declared on, but *indebitatus* assumpsit is brought to recover upon a subscription to stock, proof of the subscription is necessary, but for this purpose a stockholder is incompetent.

THERE was a verdict and judgment, in the Clark Circuit Court, for the defendant in error.

The opinion of the court furnishes a statement of the case.

O. B. FICKLIN, for Plaintiff in Error.

C. H. CONSTABLE, for Defendant in Error.

SKINNER, J. This was an action of assumpsit. The declaration contains a count in *indebitatus* assumpsit for moneys due on certain installments of stock subscribed, by the defendant below, in the Wabash Railroad Company, and the ordinary common counts.

The defendant pleaded *non-assumpsit* and *nul tiel* corporation, upon which issues were joined; also, several other pleas, to which a demurrer was sustained. On the trial, the plaintiff proved the incorporation of the company, and, to establish the organization of the same, under the act of incorporation, proved, by the secretary of the company, and who was also a stockholder in the same, the books and proceedings of the company, by which the organization of the corporation and the calls for payment of the moneys in controversy appeared. The plaintiff also introduced, in evidence, the subscription book of the company, by which it appeared that the defendant subscribed ten shares of stock, of $50 each. The terms of subscription were, that the subscribers should severally pay the amount

of their subscriptions, as calls should be made by order of the company, to "the president, directors and company of the Wabash Valley Railroad Company." The plaintiff also proved, by a stockholder in the company, that he signed the name of the defendant to the subscription book in her presence and at her request. To all this evidence the defendant objected, and there was no evidence of actual notice to the defendant of the calls made, nor of demand of payment.

The jury found for the plaintiff, and the court refused to set aside the verdict. It is insisted that the demurrer to the defendant's pleas should have been carried back and sustained to the first count of the plaintiff's declaration. This count is clearly good. It is-not a count upon the contract of subscription, but is a count in *indebitatus* assumpsit for calls, or installments due by the defendant, one of the corporators, to the corporation, and is sanctioned by precedents adopted by Mr. Chitty for such a case. 2 Chitty's Pl. 390, 391 and 392.

Nothing, in execution of the contract, remained unperformed, except the payment of money. *Throop* v. *Sherwood*, 4 Gil. R. 92. By the subscription, the defendant became a member of the corporation, and legally bound to pay according to the calls of the company; and the subscription book, with the orders of the company requiring payment of the portions or installments, were proper evidence to establish that legal liability, under the general count. It is questionable, if the entire contract had been declared on, whether the plaintiff could have again sued upon it for subsequent calls, upon the principle that a judgment in an action upon an entire contract merges the contract in the judgment.

It was not necessary to prove actual notice of the calls to the defendant, nor demand of payment.

The defendant was a member of the corporation, and is presumed to know of the orders of the body exercising the corporate powers and authorized to make the calls, and it was her duty to pay according to those calls and her contract of subscription. Angel and Ames on Corporations, 292, 293; ibid. 309, 310.

The secretary of the company, although a stockholder, was competent to identify the books containing the record of organization and the proceedings of the company, and to this extent only did he testify. *Ryder* v. *The Alton and Sangamon Railroad Co.*, 13 Ill. R. 523.

The books of the company were competent evidence of the preliminary proceedings contained in them, showing the organization of the corporation under the charter. Angel and Ames on Corp. 407, 408, 506, 518, and 519; *Fitch* v. *Pinkard*, 4 Scam. R. 76; 13 Ill. R. 523.

But a stockholder in a private corporation is not competent to testify generally in behalf of the corporation. As one of the corporators, his interest disqualifies him from giving evidence for the corporation, and the identification of books and papers of the corporation of which he is a member, is an exception to the general rule, arising out of the necessity of the case. 13 Ill. R. 523; 2 Maule and Selwyn R. 337; Angel and Ames on Corp. 516 to 523.

There is a seeming variance in the name of the plaintiff in the record, and the name of the corporation created by the law, but it is wholly unreal. In the title of the law, the corporation is styled " The Wabash *Valley* Railroad Company," but in the body " The Wabash Railroad Company " is named as the corporation thereby created, and hence it is the legal name of the corporation. The word " *Valley*," inserted in brackets in the printed statutes, is the act of the secretary of state, in preparing the enrolled law for publication, and does not affect the legal name of the corporation.

Were the contract of subscription specially declared on, it would be necessary, by explanatory averment, to avoid the apparent variance between the contract and the name of the plaintiff, and to show that the contract was made with the plaintiff by the name therein used. And the counts being general, some explanatory proof would, perhaps, be equally necessary to establish a contract with the plaintiff, or subscription to the stock in this company, although by a name variant from the legal name.

Instruments in writing are not void because made to a party by a wrong name, and any *misnomer*, or apparent variance, may be reconciled and explained, in pleading, by averment, and avoided in effect by proof. Angel and Ames on Corp. 512 to 516; *Hurd et al.* v. *Corlies et al.*, 18 Ill. R. *post.*

This action is not brought upon the contract of subscription. No written instrument is declared on, but the subscription, with the orders of the company making the calls, were offered in evidence, to prove a debt under the general *indebitatus* count. Our statute, therefore, did not dispense with proof of execution of the subscription, or writing by the defendant, and the stockholder admitted to prove the execution, was not competent for that purpose.

Judgment reversed and cause remanded.

*Judgment reversed.*