## The Jacksonville, Northwestern and South-eastern Railway Company

*v.*

## Isaac H. Brown.

1. VARIANCE. Where the declaration upon a contract of subscription described the contract as containing the ordinary dollar mark prefixed to the figures 500.00, set opposite the defendant's name, a contract, without such mark prefixed to the figures, or to any in the column, and where there is nothing in the instrument to indicate that the sum set opposite the defendant's name, meant so many dollars, is variant from that described, and not admissible in evidence under the pleadings.

2. It was insisted, that as the defendant had given his note for fifty dollars, which stated that the sum therein mentioned was ten per cent of his subscription to the capital stock of the company, which was declared on in another count, would explain the contract of subscription, but it was *held*, that it could not avoid the variance. If the plaintiff had declared generally, in the *indebitatus* counts, for calls or installments due, and proved the execution of the instrument, the indebtedness might have been established by the recital in the note.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was an action of assumpsit, by the appellant against the appellee, upon a subscription paper, whereby the subscribers agreed to pay the amounts set opposite their respective names, in such installments as might be ordered, etc.

The declaration declared specially upon the subscription, with a count on a promissory note. The defendant pleaded the general issue. The other facts are stated in the opinion.

Messrs. MORRISON & WHITLOCK, for the appellant.

Mr. WILLIAM BROWN, and Mr. C. EPLER, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

The declaration in this case contains two special counts upon a contract of subscription to the capital stock of appellant. In each count the contract is described as containing

the ordinary dollar mark prefixed to the figures 500.00 set opposite to appellee's name. The contract offered in evidence had no such mark prefixed to these figures, or to any in the column, nor was there anything in the instrument to indicate that the sum set opposite appellee's name meant so many dollars. When offered, the instrument was objected to as inadmissible, on the ground, amongst others, that there was a variance between it and the contract described. The court sustained the objection and excluded the evidence. It is insisted, upon this appeal, that, notwithstanding there was no dollar mark to indicate what the figures meant, still appellant had the right to rely upon the recital or admission contained .in the note set out in its last count, to establish the contract of subscription to the amount of $500.

If appellant had declared in the *indebitatus* counts for ·calls or installments due, as in *Peake* v. *The Wabash Railroad Co.* 18 Ill. 88, and proved the execution of the instrument, the indebtedness might have been established in that way. But here was a variance between the instrument described and that offered in evidence, which the recital in the note could not help out. The recital might aid in establishing a general liability, if there had been any count in the declaration adapted to such a state of the case. But, inasmuch as it does not refer to the contract described in the special counts, it is not a part of such contract, and if a part of it, then it should have been set out as such.

Finding no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*