JOHN CULVER

*v.*

THE HIDE AND LEATHER BANK OF CHICAGO.

1. PRACTICE—*giving time to plead.* The giving of time to plead is a matter of discretion with the court, and a refusal to give such leave is not subject to review in this court, where no abuse of discretion appears.

2. ASSIGNEE *before maturity—subject to what defenses.* Facts showing a failure of consideration or fraud in the consideration of a promissory note, but not showing fraud or circumvention in obtaining its execution, will be no defense against the note in the hands of an assignee taking the same before maturity without notice.

3. ASSESSMENT OF DAMAGES—*presumption as to proofs.* In the absence of a bill of exceptions showing the evidence heard upon the assessment of damages in case of a default, it will be presumed that it was competent and sufficient.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. CHARLES J. BEATTIE, and Mr. MORTON CULVER, for the appellant.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action upon a promissory note for the sum of $889.60, bearing date December 1, 1874, payable to the order of A. T. Ewing, on or before January 1, 1875, executed by appellant and indorsed by Ewing to appellee, The Hide and Leather Bank.

40—78TH ILL.

It appears, by the record, that, on the fourth day of the term, the defendant appeared and entered a motion to dismiss the suit, which the court overruled ; and thereupon, for want of a plea, the default of the defendant was entered, the plaintiff's damages assessed by the court, and judgment rendered against the defendant for $894.50.

On the thirteenth day of the term, a motion was made by the defendant, supported by affidavits, to vacate the judgment and set aside the default, which motion was denied.

It is assigned for error that the court refused to allow the defendant a reasonable time to plead.

The record does not show that any time was asked or refused. The defendant was summoned to appear and answer on the first day of the term.

No error appears in taking his default on the fourth day of the term ; and had time been asked to plead, its allowance or not would have been discretionary with the court, not to be reviewed where no abuse of the discretion appears.

There is a further claim of error, in the denial of the motion to vacate the judgment and set aside the default. The affidavit presented upon the hearing of the motion did not show a defense to the note as against the plaintiff, the assignee thereof. It is supposed by appellant that the facts make out a case of fraud and circumvention in obtaining the making of the note, which, under the statute, is made a defense against the assignee. But the facts shown make out no such case ; they make out no more than a failure of consideration, or, at the most, fraud in the consideration, which is quite different from the use of fraud or circumvention in obtaining the making or executing of the note.

Appellant claims it is shown that appellee is not an innocent assignee of the note, because, in a written notice sent by the bank to appellant, of the note being there, it is mentioned as being there for collection, and, on application at the bank, the cashier informed appellant that the bank held the note

as collateral. The affidavit of the cashier makes the explanation that, on this application by appellant, the cashier did tell him that he thought the note was there for collection, but that he went immediately and examined the books, and thereupon informed appellant that the note had been discounted by the bank; and there is an affidavit that it was regularly discounted at the bank on the 16th day of December, 1874. The court properly overruled the motion, no defense being shown as against the bank.

There is nothing in the point made that the court, in assessing damages, took the affidavit of the plaintiff's claim filed with the declaration as *prima facie* evidence of the amount due, without the production of the note sued on. It is supposed by appellant's counsel that this must have been so, because, in the clerk's transcript of the record and papers on file, no copy of the note appears. This might be so, and yet the note have been produced upon the assessment of damages, and not have been left upon file. There is no bill of exceptions showing what evidence was introduced upon the assessment of damages. The judgment entry recites that the damages were assessed upon hearing proofs. It will be presumed they were competent and sufficient.

The judgment is affirmed.

*Judgment affirmed.*