162  583
74a  579

THE WABASH RAILROAD COMPANY *et al.*

*v.*

WILLIAM H. SMITH, Admr.

*Filed at Ottawa May 12, 1896—Rehearing denied October 13, 1896.*

1. EVIDENCE—*of due care—what sufficient to go to the jury.* Evidence that the view of a boy struck by a train at a railroad crossing was obstructed by a house and by another train going in the opposite direction; that when the last train passed he started to cross, when he was struck by that in question, which was moving at a prohibited rate of speed; that the two trains were close together, and the noise, smoke and dust of the passing train might have prevented him from hearing or seeing that which struck him,—is sufficient to go to the jury on the question of his exercise of due care.

2. INSTRUCTIONS—*as to damage for causing death—when not objectionable.* An instruction in an action for death by negligence, that if the plaintiff has proved his case as alleged in his declaration the jury should find defendant guilty and assess damages at such sum as proved, is not objectionable as allowing damages as a *solatium,* (although the declaration alleges the next of kin are deprived of the deceased's comfort, assistance, companionship and support,) where other instructions are given limiting the recovery to actual pecuniary loss.

*Wabash Railroad Co.* v. *Smith,* 58 Ill. App. 419, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

Claude B. King, a boy between thirteen and fourteen years of age, was struck May 14, 1891, in the city of Chicago, by a Wabash passenger train, at the intersection of Seventieth street and the tracks of the Chicago and Western Indiana Railroad Company, and from the injuries received died May 16, 1891. He left surviving him John N. King, his father, James M. King and Albert King, his brothers, and Addie King, his sister, his only heirs-at-law, for whose interest this suit was brought by appellee, as administrator, under the statute, in the circuit court of Cook county, in August, 1891.

The amended declaration, upon which the cause was tried, contained three counts, in all of which it is averred that deceased was, at the time of the injury, in the exercise of ordinary care. In the first count an ordinance of the city of Chicago, then in full force and effect, is set out, which limits the speed of passenger trains to ten miles an hour and freight trains to six miles an hour. It is further averred, that notwithstanding its said duty imposed by law on said defendants, said defendant the Wabash Railroad Company, at the time and place aforesaid, and while said Claude B. King was lawfully upon said street and in the exercise of all ordinary care on his behalf, he being then a youth of tender years, to-wit, of the age of thirteen years, crossing said Seventieth street at the intersection of the tracks of defendant, the defendant carelessly and negligently ran one of its trains belonging to said Wabash Railroad Company at a high rate of speed, to-wit, at the rate of forty miles per hour, whereby, and because of the negligence aforesaid, when said Claude B. King, while lawfully upon said crossing, and crossing the same, was struck by the engine drawing

said train, and greatly bruised, mangled and injured, from which injuries he afterwards, on the 16th day of May, 1891, died. The second count avers that the Chicago and Western Indiana Railroad Company owned the railroad in question and leased it to the Wabash Railroad Company, and that it was the duty of the defendants to establish and maintain a flagman, gates or other devices or contrivances upon said crossing, to the end that persons lawfully upon said street and at said crossing should be withheld from going upon said tracks and given due and timely warning of the approach of trains, and that by reason of the failure to perform said duty said Claude B. King, while lawfully at said crossing and about to cross said tracks, and being in the exercise of all due care on his behalf, he being then and there a youth of tender years, to-wit, of the age of thirteen years, was struck by a train belonging to the Wabash Railroad Company, and killed. The third count makes the same averment as to ownership and lease of the tracks to the Wabash Railroad Company, and avers failure upon the part of the defendants to give warning of the approach of the train by means of bell or whistle, and by reason of the failure to give such signals said Claude B. King, he being a youth of tender years, to-wit, of the age of thirteen years, was lawfully upon said crossing and in the exercise of all due care upon his behalf, and was struck by said train and killed. It is further averred that the deceased left his father, two brothers and a sister, "who have been and are, by means of the premises, deprived of his comfort, assistance, companionship and support."

The cause was tried before a jury, and plaintiff recovered a judgment for $4500. Defendants now ask that that judgment, and the judgment of the Appellate Court affirming it, be reversed.

It appears from the evidence there were two railroad tracks laid on the east side of Wallace street, at the point where the injury occurred, extending north and south,

and that on the west side of the street a driveway ran parallel with the tracks. Seventieth street runs east and west, at right angles with Wallace street. The boy, Claude B. King, was going east on the north sidewalk of Seventieth street. He waited at the west side of the west track for a train running south on that track to pass and then started toward the east, and was struck by the end of the pilot beam of the engine of the Wabash suburban passenger train running north. Some of the witnesses testified he was walking, and others that he was running, when struck. The day was clear, and it was about 5:17 P. M. The bell on the Wabash locomotive was ringing. It was rung by an automatic bell-ringer. There were no gates at the Seventieth street crossing, and no flagman. The boy was thrown north about one hundred feet by force of the blow. The witnesses varied in their testimony as to the speed of the Wabash train, some putting it as high as thirty and others as low as twelve miles an hour.

GEORGE B. BURNETT, for·appellant.

DOUTHART & GARVY, for·appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The first point made on this appeal is, that the trial court erred in not instructing the jury, at the request of the defendants, made at the close of the testimony, to find a verdict for the defendants. Counsel say, that while there was evidence tending to prove that appellants were guilty of negligence as alleged in the first and second counts of the declaration, there was no evidence whatever tending to prove plaintiff's allegation that the deceased was in the exercise of due care for his own safety when he was injured. We do not think this proposition can be maintained. The boy was passing along the street upon the sidewalk, where he had the right to be, and to reach his home was compelled to cross appellants' tracks

in Wallace street. The evidence showed that his view of the approaching Wabash train was obstructed by the train of the Chicago and Eastern Illinois Railroad Company which was going south on the track next to him, and that he waited at the crossing until the last named train had passed and then started to cross, when the Wabash train, coming at a greater speed than was allowed by the city ordinances, struck and killed him. The two tracks were close together, and the noise, smoke and dust caused by the passing train might also readily prevent him from hearing or seeing the train so rapidly approaching on the other track. In answer to special interrogatories propounded by appellants the jury found that the deceased did use diligence for his own safety, and we cannot say there was no evidence upon which such an answer could have been returned.

It is next insisted that the court erred in giving to the jury the following (the only) instruction asked by the plaintiff:

"The court instructs the jury, that if they find, from the evidence in this case, that the plaintiff has proved his case, as alleged in his declaration, by a preponderance of the evidence, then they should find the defendants guilty, and assess plaintiff's damages at such sum as they find has been proved by a preponderance of the evidence offered in this suit."

It is said that the declaration alleges that the next of kin "have been and are, by means of the premises, deprived of his (the deceased's) comfort, assistance, companionship and support," and that the instruction was therefore a clear and unequivocal direction to allow damages as a *solatium*, which this court has repeatedly held cannot be given. It is by no means clear that the instruction is open to the objection made; but however this may be, when all of the instructions are considered we do not think it was possible for the jury to have been misled on this question. Sixteen instructions were given

to the jury upon the request of the defendant, covering the different phases of the case, and two of them were as follows:

"If the jury find for the plaintiff, and find that the next of kin of deceased has sustained any damages by reason of his death, in estimating such damages the jury cannot consider the mental sufferings or grief of the surviving kindred, or loss of domestic or social happiness, or culpability of the defendants, but the jury, if they find for the plaintiff, must be governed solely by the actual pecuniary money loss that the next of kin of deceased have sustained by reason of his death.

"If the jury find for the plaintiff, in estimating the damages sustained by the next of kin of the deceased by reason of his death, the jury can only estimate the damages to the brothers and sisters of deceased at such a sum as the evidence shows they have sustained by the death of deceased, and can only estimate the damages to the father of deceased upon the basis of what the son's services would have been worth to his father from the date of the injury to the time he would have arrived at the age of twenty-one years, deducting therefrom the costs and expenses of the father in his support and maintenance during that time; and if the evidence does not show the ages of said brothers and sisters, nor that they were receiving support from him or were in condition to require it, then the jury can only estimate the damages to said brothers and sisters at a nominal sum."

These two instructions were too explicit to be misunderstood, and when considered in connection with the one given for the plaintiff but little room is left to appellants for criticism.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*