JAMES G. COZZENS

*v.*

THE CHICAGO HYDRAULIC-PRESS BRICK COMPANY.

*Filed at Ottawa April 3, 1897.*

1. EVIDENCE—*proof of existence as a corporation de facto is sufficient on plea of nul tiel corporation.* Upon plea of *nul tiel* corporation the burden of proving corporate existence is on the plaintiff, but proof of its existence as a corporation *de facto* is sufficient.

2. SAME—*what sufficient to establish existence as a corporation de facto.* Proof of the foreign statute under which a plaintiff corporation was organized, together with proof of its certificate of incorporation issued in pursuance thereof, is sufficient to establish the plaintiff's existence as a corporation *de facto.*

3. PRACTICE—*party desiring a continuance because of amendment of the pleadings should make affidavit.* The refusal of the trial court to grant a continuance to the defendant because of amendment of the declaration at trial is not error, where the defendant neglects to file the statutory affidavit showing he was unable to proceed.

4. SAME—*giving time to plead is in the trial court's discretion.* The giving of time to plead after an amendment of the declaration at trial is within the trial court's discretion, which is not reviewable on appeal, in the absence of abuse.

5. BILLS AND NOTES—*what not a repugnancy between note and contract of guaranty.* The fact that a note provides for a certain rate of interest while a contract guaranteeing the payment thereof limits the guarantor's liability to a less rate, does not create a repugnancy between the note and the guaranty.

6. SAME—*endorsing note a second time does not raise presumption of guaranty.* The fact that the payee of a note endorsed his name on the back a second time does not raise the presumption that his contract was one of guaranty.

7. SAME—*endorser need not be joined in suit against guarantor.* The stamping of a printed guaranty on the back of a note, above an endorser's signature, does not change his contract to one of guar-

anty, or require that he be joined as defendant in a suit against the guarantor.

8. VARIANCE—*particular variance relied upon must be pointed out.* One objecting to the admission of a note in evidence on the ground of variance must point out in what the variance consists, and his failure to do so at trial will be deemed a waiver of the objection.

*Cozzens* v. *Chicago Hydraulic-Press Brick Co.* 64 Ill. App. 569, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This is an action, brought by the appellee, the Chicago Hydraulic-Press Brick Company, against the appellant, James G. Cozzens and three other parties, to-wit: James M. Stebbins, John B. Mesney and Wheatley, Buck & Co., upon a contract of guaranty of the payment of a promissory note. Before the trial plaintiff obtained leave to amend by dismissing the case as to Wheatley, Buck & Co. During the trial the case was dismissed as to Stebbins and Mesney, there being no evidence that they had joined in the guaranty. Appellant was thus left as the only defendant.

The pleas filed, both to the original and the amended declaration, were the general issue with affidavit of merits, a plea denying the execution of the guaranty, a plea of *nul tiel* corporation, a special plea denying consideration for the contract of guaranty, and a plea denying joint liability. The case was tried before the court and a jury, and resulted in a verdict for the plaintiff, and, after the overruling of motions for new trial and in arrest of judgment, judgment was entered upon the verdict in favor of the plaintiff. This judgment has been affirmed by the Appellate Court, and the present appeal is prosecuted from such judgment of affirmance.

The note, which was guaranteed by the defendant, was a note for $1000.00, dated Chicago, February 24, 1893, executed by the Ricardi Apartment House Company,

payable ninety days after date to the order of Wheat-
ley, Buck & Co., with interest at seven per cent per an-
num, and having thereon the corporate seal of the maker
thereof.  Wheatley, Buck & Co., the payees in the note,
made an endorsement thereon, directing payment to the
order of the plaintiff, the Chicago Hydraulic-Press Brick
Company.  The terms of the contract of guaranty were
as follows:  "For value received we hereby guarantee
full payment of the within note at maturity, or any time
thereafter, with interest at six per cent per annum after
due until paid."  In the original printed form of guar-
anty, which was stamped upon the back of the note, in
addition to the words of guaranty as above quoted and
following the same, were the following words:  "And
all expenses incurred in collecting by process of law,
waiving demand, notice of non-payment and protest."
But these latter words were erased before the parties,
signing their names upon the back of the note as guar-
antors, placed their signatures thereon.

JOSIAH BURNHAM, for appellant.

MATTHEWS & HUGHES, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion
of the court:

*First*—The plaintiff, the Chicago Hydraulic-Press Brick
Company, is a corporation organized under the laws of
Missouri; and it is claimed that its corporate existence
was not proven.  One of the pleas filed was the plea of
*nul tiel* corporation.  When this plea is interposed, the
burden of proving corporate existence is cast on the
plaintiff corporation.  (*Bailey* v. *Valley Nat. Bank*, 127 Ill.
332).  But this plea does not impose the burden upon the
plaintiff of proving, that it was in all respects a perfectly
legal corporation.  It is sufficient, for a recovery upon
the issue presented by that plea, to make proof that the
plaintiff corporation had a *de facto* existence.  An asso-

ciation may be regarded as a *de facto* corporation, where there is a law authorizing the creation of corporations of its class and powers, and where there is an attempt in good faith to comply with the law. (*Hudson* v. *Green Hill Seminary*, 113 Ill. 618). The plaintiff introduced in evidence, upon the issue made as to its corporate existence, section 2492, article 5, chapter 98, first volume of the Revised Statutes of Missouri, as follows, to-wit: ·

"Section 2492. *Articles of Incorporation— When and where filed—Shall be evidence, when.*—Whenever a corporation shall be organized under the laws of this State, it shall be the duty of the officers of said corporation to file with the Secretary of State a copy of the articles of association or incorporation, and the corporate existence of such corporation shall date from the time of filing said copy of such articles; and a certificate by the Secretary of State under the seal of the State, that said corporation has become duly organized, shall be taken by all courts of this State as evidence of the corporate existence of such corporation. A certified copy of said certificate of the Secretary of State shall be filed and recorded in the office of the recorder of deeds of the county in which the organization is organized."

Plaintiff also introduced in evidence a certificate of incorporation issued by the Secretary of State of Missouri, reciting, that certain individuals had filed in his office, articles of association or agreement in writing, as provided by law, and had, in all respects, complied with the requirements of law governing the formation of private corporations for manufacturing and business purposes, and certifying, that said parties, their associates and successors, had become a body corporate, and duly organized under the name of Chicago Hydraulic-Press Brick Company, and had all the rights and privileges granted to manufacturing and business corporations under the laws of the State of Missouri. Plaintiff also introduced in evidence a certified copy of said certificate

of incorporation, with the certificate of the recorder of deeds of the city of St. Louis attached, certifying that the same was recorded in his office on February 19, 1890.

Without deciding whether the statute of Missouri and the certificates made under and in pursuance thereof, as thus introduced in evidence, were or were not sufficient to prove the existence of a *de jure* corporation, they were certainly sufficient to show the existence of a *de facto* corporation. This was sufficient under the issue made by the plea of *nul tiel* corporation in this collateral proceeding. Hence the objection, that there was no proof of corporate existence, is without force.

*Second*—Objection is made by appellant, that the appellee was allowed to amend its declaration without the granting of a continuance to appellant, and without giving him an extension of ten days' time to plead to the amended declaration. In the declaration as originally drawn, it was alleged that the defendants "guaranteed payment of the sum of money in said note specified according to the tenor and effect of said note, and of the guaranty written on the back of said note." When the declaration was amended by dismissing the case as to Wheatley, Buck & Co., the amended declaration omitted the words, "and of the guaranty written on the back of said note." During the trial the omission of these words was discovered, and the court granted leave to the plaintiff to amend his declaration by inserting them. When this amendment was allowed, the defendant asked for a continuance. The refusal of the court to continue the cause was not error, because the defendant did not make an affidavit, such as is required by the 25th section of the Practice act in such cases, that he was unprepared to proceed with the trial at that term in consequence of the amendment. (2 Starr & Curtis' Stat. p. 1788). The defendant then asked for ten days' time to plead to the amended declaration. This request the court refused, and ordered that the pleas already filed to the original declaration

stand as the pleas to the amended declaration. Under the statute the court was authorized to allow such time to plead as might be deemed reasonable and necessary. (2 Starr & Curtis' Stat. p. 1789). Giving time to plead is in the discretion of the court, and is not reviewable on appeal except for abuse of the discretion. (*Culver* v. *Hide and Leather Bank,* 78 Ill. 625). Here, there was no abuse of discretion, and no injury to the defendant, because the amendment to the declaration made the amended declaration the same as the original declaration, and the pleas on file, which were allowed to stand as pleas to the amended declaration, had been filed by defendant to the original declaration.

*Third*—It is said that there were material alterations in the contract of guaranty. It is also objected, that the note provided for interest at the rate of seven per cent per annum, while the guaranty for the payment of the note provided for interest at the rate of six per cent per annum, and that, therefore, the contract of guaranty was changed. The evidence tends strongly to show, that the erasure of the words which were erased from the guaranty, was made before the signature of appellant as guarantor was endorsed upon the note. In addition to this, it was left by the instructions of the court to the jury to determine whether the plaintiff had established by a preponderance of the evidence the making by the defendant of the contract of guaranty sued on. The jury, by their verdict, and the Appellate Court, by its judgment of affirmance, have settled the question in favor of plaintiff, that the contract of guaranty sued on was the contract made between the parties. The fact, that the maker of the note agreed therein to pay seven per cent interest, while the guarantor limited his guaranty to the payment of six per cent interest on the amount of the note, created no repugnancy or inconsistency between the note and contract of guaranty. A credit on a note cannot release the surety, and for the same reason a credit of one per cent

of interest cannot release the surety. It was the right of the guarantor to thus limit the extent of his liability.

*Fourth*—It is claimed by the appellant, that, while it was proper to dismiss the suit as to Stebbins and Mesney, such dismissal was not proper as to Wheatley, Buck & Co. The principle is invoked, that, when an action is brought on a joint contract, judgment must be against all or none; (*Kingsland* v. *Koeppe,* 137 Ill. 344;) and it is, therefore, argued that appellant and Wheatley, Buck & Co., being jointly liable as guarantors, judgment should have been rendered against them both, or not at all. Wheatley, Buck & Co. were the payees in the note, and, when they endorsed the note, their contract was that of endorsers. Parol evidence was not admissible to contradict or vary their contract of endorsement. The fact, that they signed their names a second time, did not raise a presumption, that their contract was one of guaranty, and not of endorsement. (*Johnson* v. *Glover,* 121 Ill. 283; *Hately* v. *Pike,* 162 id. 241). As Wheatley, Buck & Co. signed their names on the back of the note a second time before the printed contract of guaranty was stamped upon the note over their signature, their contract of endorsement was not changed by writing the contract of guaranty over their signature. Their liability being that of endorsers only, and not that of joint guarantors with the appellant, the dismissal of the suit as to them did not affect the liability of the appellant as sole guarantor.

*Fifth*—It is claimed that there was no consideration proven for the contract of guaranty. There was evidence tending to show, that the appellee sold and delivered to the company which made the note, and of which appellant was the president, an additional quantity of brick, as a consideration for the guaranty of the note by appellant. At any rate the instructions, given by the court to the jury, left it to them to determine whether or not there was a consideration for the making of the contract of guaranty by the appellant. The jury, by

their verdict, found that there was such contract, and the judgments of the lower court are conclusive upon that question, so far as we are concerned.

*Sixth*—It is further urged, that there was a variance between the declaration and the proof, upon the ground that the note declared upon was stated to be the note of the Ricardi Apartment Home Company, while the note offered in evidence was the note of the Ricardi Apartment House Company. The signature of the maker of the note is written in such a way with a pen, that it is not plain whether it was the "House" or the "Home" company. But, however this may be, it was the duty of the appellant in objecting to the introduction of the note upon the ground of variance, to specify in what the variance consisted. The appellant stated certain grounds of variance which have heretofore been referred to, but he did not refer to the one now under consideration. If he had stated the character of the variance, the plaintiff would have had an opportunity of amending his declaration by inserting the word "House" therein, in place of the word "Home." It is incumbent upon the defendant to indicate and point out in what the variance, of which he complains, consists, so as to enable the court to pass upon the question intelligently, and also to enable the plaintiff to so amend his pleading as to make it conform to the evidence, and thus avoid defeat upon a point in no way involving the merits of his claim. (*Lake Shore and Michigan Southern Railway Co.* v. *Ward*, 135 Ill. 511; *Libby, McNeill & Libby* v. *Scherman*, 146 id. 540; *Harris* v. *Shebek*, 151 id. 287).

We perceive no errors in the record of sufficient importance to justify us in reversing the judgment in this case. Accordingly, the judgments of the Appellate Court and of the Superior Court of Cook county are affirmed.

*Judgment affirmed.*