### Western Mutual Life Association and Norris Sutherland v. The People, etc.

1. Insurance Companies—*Penalties For Unjust Discriminations.*—The provisions of the act of June 3, 1891, entitled "An act to correct certain abuses and prevent unjust discriminations of and by life insurance companies doing business in this State, between insurants of the same class and equal expectations of life, in the rates, amount, or payment of premiums, in the return of premiums, dividends, rebates or other benefits" (Laws 1891, 148), applies to companies incorporated to do the business of life or accident insurance on the assessment plan under the act of June 22, 1893 (Laws 1893, 117).

2. EVIDENCE—*Execution of Insurance Policies.*—When an insurance policy is offered as collateral evidence, and not as the basis of the suit, proof of its execution by the insurance company is necessary before it can be legally admitted in evidence.

**Debt,** for a statutory penalty. Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded. Opinion filed February 9, 1898.

*Peoples instructions* referred to in the opinion of the court.

1. The court instructs the jury that if the jury believe from all the evidence that Frank A. Mosely bought a policy of insurance of or from the Western Mutual Life Association, defendant, in January, 1897, in Morgan County, Illinois, and that said insurance was on the life of Frank A. Mosely, and was in the sum of $1,000, and if the evidence further shows that Frank A. Mosely's insurance age at that time was fifty-five years, and that the regular rate for insurance of his age and class as specified in the policy issued was annually $38.36, and that Frank A. Mosely bought said policy for a less premium than the regular rate as specified in said policy, then the jury should find for the plaintiff.

2. The court instructs the jury that if the jury believe from the evidence that the Western Mutual Life Association, by their agent, Norris Sutherland, sold to Frank A. Mosely a policy of insurance for a less rate of premium than the regular rate as specified in the policy issued to said Mosely, then the jury should find for the plaintiff. And the court futher instructs the jury that if the jury believe from the evidence that said association accepted the application made by Frank A. Mosely, and taken by Norris Sutherland as agent of defendant from said Mosely, then by said acceptance by said association of said application and issuance of

a policy on such application—if the evidence shows that the policy in evidence was issued on such application—is a sufficient recognition by said association to establish the relation of the fact of agency of Norris Sutherland for said life association.

MORRISON & WORTHINGTON, attorneys for appellants.

J. MARSHALL MILLER, State's attorney, and WM. N. HAIRGROVE, attorneys for appellees.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This suit was commenced by appellee against appellants in the Circuit Court of Morgan County, to recover the penalty prescribed by Section 3 of the act of June 19, 1891 (Laws of Illinois 1891, p. 148), entitled "An act to correct certain abuses and prevent unjust discrimination of and by life insurance companies doing business in the State, between insurance of the same class and equal expectation of life in the rates, amounts or payments of premium dividends, rebates or other benefits," for an alleged violation of the provisions of that act.

The particular acts charged in the declaration as having been a violation of said act was, that the appellant, "The Western Mutual Life Association," incorporated under the laws of Illinois, by its agent, the appellant, Norris Sutherland, for the purpose of carrying on its business of life insurance in the said State, did, in January, 1897, in Morgan County, Illinois, sell and deliver to one Frank A. Mosely, whose age was then 55 years, a policy of insurance for $1,000, on the life of said Mosely, for a less rate of premium than the regular rate of premium thus violatting said statute by discriminating between insurants

of the same class and equal expectations of life; and the acceptance of said smaller rates of premium was not in accordance with the terms of said policy contract; and such benefit was not contained or expressed in the said policy.

Appellants, by proper plea, entered a general denial, and there was a trial by jury and a verdict and judgment against appellant for $500 and costs. The case was brought to this court by appeal.

Appellants' counsel, in their brief in this court, contend that as it appears from the evidence in this record, that the Western Mutual Life Insurance Association was organized under the act of June 22, 1893, entitled "An act to incorporate companies to do business of life or accident insurance on the assessment plan, and to control such companies of this State, and of other States doing business in this State, and to repeal a certain act therein named, and providing and fixing the punishment for violation of the provisions thereof" (Sess. Laws 1893, p. 117):

Appellants were not subject to the provisions of said act of June 19, 1891, because by the express provisions of Section 7 of said act of June 19, 1893, corporations organized thereunder are *subject only to the provisions of that act.* Said Section 7 reads as follows:

"Any corporation organized to insure lives which provides for the payment of policy claims, the accumulation of reserve or emergency fund, and the expense of the management and prosecution of the business by payment to be made either at periods named in the contract or upon assessments as required, by persons holding similar contracts, and wherein the insured's liability to contribute to the payment of policy claims accrued or to accrue is not limited to a fixed sum, shall be deemed to be engaged in the business of

life insurance *upon the assessment plan, and shall be subject only to the provisions of this act;  * * *"*

We have carefully read all the provisions of both those acts and are satisfied that their provisions are not inconsistent, nor does the latter, either by express terms or otherwise, repeal the former. But both acts are subsisting valid enactments, and binding upon life insurance companies, doing business in this State, and not expressly excepted by the provisions thereof. The act of 1891 is a wholesome enactment, and is intended to correct and prevent all unjust discriminations between insurants of the same class and equal expectation of life, in the rates of premium charged by life insurance companies doing business in this State. The act of June 23, 1893, incorporates companies to do the business of life or accident insurance, *on the assessment plan*, in this State, and while it also contains numerous provisions looking to the control of *such companies* of this and other States, doing business in this State, it nowhere professes to make provisions against unjust discrimination in rates of premium charged insurants by such companies; and therefore its provisions in nowise conflict with the other act. The part of said section 7, invoked by appellants to render them subject only to the provisions of the act of which it is a part, must be read and construed in connection with the whole of that section and act, and when so read and construed it evidently means to define, and does define, what corporations are to be considered as engaged in the life insurance business *upon the assessment plan*, and such *shall be subject only to the provisions of this act.*

Hence we think the lower court committed no error in refusing to give appellants two refused instructions, and in giving those requested by appellee, on that branch of this case.

Cully v. People.

Appellants' counsel contend, second, that the lower court erred in admitting in evidence, over the objection of appellant, the policy of insurance purporting to have been issued by the Western Mutual Life Insurance Association to Mosely without proving its execution by said Western Mutual Life Association.

In this contention, we think appellants' counsel are right, and that the lower court did commit an error in its rulings, as thus contended. The declaration charged the sale of a policy of insurance to Mosely. It was therefore necessary to prove that appellants did sell such a policy to him, and to do this, it was incumbent upon the plaintiff to prove that the policy sold was signed by an authorized agent of the Western Mutual Life Insurance Association. The policy was offered as a piece of collateral evidence and not as the basis of the suit. The proof of its execution by the insurance company was necessary before it could be admitted in evidence when objected to on that account. See Peake v. Wabash R. R. Co., 18 Ill. 88.

For this error we reverse the judgment of the Circuit Court of Morgan County herein and remand the case to that court for a new trial. Judgment reversed and remanded.