## Chicago & Alton Railroad Co. v. Julia Buckmaster.

1. VARIANCE—*Must be Raised in the Trial Court.*—When the question of variance is not raised in the trial court it can not be raised in the Appellate Court.

2. NEGLIGENCE—*Permitting Aisles to be Obstructed.*—It is negligence on the part of a railroad company to permit the aisles of its passenger cars to be obstructed with valises while passengers are entering or departing therefrom, by which they are injured while exercising due care.

3. VERDICTS—*When to be Sustained.*—When there is evidence to sustain a verdict and the instructions are without fault, courts will not interfere.

**Trespass on the Case,** for personal injury. Appeal from the Circuit Court of Madison County; the Hon. GEORGE W. WALL, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

### STATEMENT OF THE CASE.

Appellee took passage on appellant's passenger train at Godfrey, for Alton, Illinois, distance, five miles. In the aisle, and next to the seat in front of her, a passenger had placed a valise about eighteen inches long and eleven inches wide. It had remained there two hours. When appellee started to leave the car at Alton, she struck her foot against the valise, as she testifies, and was thereby thrown down, spraining her ankle and breaking her leg. The jury awarded her $700 damages.

WISE & McNULTY, attorneys for appellant.

TRAVIS & WARNOCK, attorneys for appellee.

MR. JUSTICE WORTHINGTON DELIVERED THE OPINION OF THE COURT.

If entitled to recover, the amount is not contested. Appellant denies any right of recovery, and while assigning divers errors on the record, presents four only in his brief, which we notice in their order:

First. Appellee was not injured as alleged in the declaration. No objection for variance was made in the trial court. It is too late to raise the question here for the first time. Swift & Co. v. Madden, 165 Ill. 41; Cozzens v. Chicago H.-P. Brick Co., 166 Ill. 213.

In fact, there is no substantial variance. The declaration avers that it was the duty of defendant to provide plaintiff with a safe passage, and to keep the train in such condition that the plaintiff might leave the same with safety upon its arrival at Alton; that defendant negligently suffered the passage way to become obstructed by a valise, satchel, or hand-bag; and that while plaintiff, with all due care, was in the act of leaving the train at Alton, she struck against said obstruction and was thereby thrown with great force and violence upon the floor of the car, by means whereof her leg was broken, etc.

Defendant pleaded not guilty.

While there is some conflict in the testimony as to what caused appellee to trip and fall, we think the evidence warranted the jury in finding that it was caused by the valise. The declaration avers that it obstructed the passage way. It was not necessary for it to completely block up the aisle in order to obstruct it. The evidence shows that the valise was about eighteen inches long and eleven inches wide, while the aisle was from two and one-half to three feet wide. The brakeman, appellant's witness and servant, testified that it took up about one-third of the aisle. The conductor testified, "any obstruction in the aisle a person stumbles over might

cause them to fall." Stimson, a passenger, testified that he had stumbled over the same valise when coming into the car.

There is then no variance on this point between the proof and the declaration. The second and third points made by appellant, and which we will consider together, are, in substance, that as it had been the custom of passengers to place their *small* valises in the aisles, and appellee, having traveled extensively, knew such to be the case, that the company was guilty of no negligence in allowing the valise to remain in the aisle, and that, knowing of sucn custom, appellee was guilty of contributory negligence in not looking to see if valises were in the aisle. An unanswerable objection to this defense is that it is not sustained by the evidence. " Small " and " large " are relative terms. A valise may be " small " in relation to a closet or baggage room in which it stands, and " large " in relation to a passage which it obstructs. When it takes up one-third of a narrow aisle in a passenger car it is not " small " in comparison with the width of the aisle.

The testimony is that this valise was too large to be placed in the rack, and so large that it had to be removed to allow three persons to occupy the seats facing together.

The testimony, too, fails to prove that it is the custom of passengers to place their grips or valises in the aisle. A custom, in ordinary language, is defined to be " an habitual or common use; a regular habit."

Conductor Foley was asked by appellant :

Q. Now, what is the ordinary or usual habit about putting valises in the aisle of the car?

A. Well, *as a general thing*, they put them up against the side of the seat in the aisle.

In cross examination :

Q. Suppose a man didn't see a satchel ten inches wide in the aisle wouldn't he stumble over it ?

A. If on the side of the aisle he was on, yes, sir. I mean to say he could get by if he saw it. I say it is *usual* for passengers to put their satchels in the aisle, and if they are

not too large and take up too much room we leave them there. *If we possibly can, we try to see that the aisle is kept clear.*

Tomlinson, the brakeman, testified in chief: "The passengers are liable to put their valises or carpet bags almost anywhere in the train. They put them in the aisle usually." On cross-examination he testified: "I say passengers *occasionally* put their satchels in the aisles. It is part of our duty to see that the aisle is kept clear. With this satchel standing in the aisle there would be left about two feet for a passenger to pass in the aisle."

Cust, for appellant, was asked:

Q. I want to ask you if the practice of putting bags and valises *in the end of the seats,* precisely as you had placed them, is not almost universal on all trains over the country?

A. Yes, sir, and it is that sort of thing, and *the damnable nuisance of having many things in the aisle* that ought not to be there that had made me careful what I put there; I have stumbled over big bags and other big cases in the aisles.

Maj. McLaughrey, for appellant, testified:

Q. What is the ordinary or usual habit of the traveling community about placing their valises?

A. I think the usual habit is to dispose of them in the seat, but very frequently they are placed in the aisle.

Miss Buckmaster, appellee, testified:

"I was unaccustomed to seeing bags in the car, as a general thing, in the aisle. It was not a frequent occurrence."

This evidence not only fails to prove that appellee knew of any such custom, but fails to prove the existence of such a custom.

Appellee, according to her testimony, was sitting directly back of the seat at whose end in the aisle the valise was placed. It was a high-backed seat. She placed one hand on the back of the seat, stepped with her left foot in the aisle, and as she stepped with her right foot, struck the valise and fell. If she had been looking forward, as one naturally would look in passing out of a train, the valise

would not have been within the range of her vision, as it was on the floor, at her feet, and in the way of the first step of her right foot, and at the end of a high-backed seat. It had been there for two hours, and yet both the conductor and the brakeman testify that they had not seen it. Appellee rode only five miles, between Godfrey and Alton. If the employes whose duty it was to keep the aisle clear failed to see such an obstruction, although frequently passing through the car, the jury might well conclude that appellee, a woman in the hurry of leaving the car at a station, and having a right to presume that the aisle was kept clear, was not guilty of contributory negligence in failing to see it. They might well conclude, also, that a valise occupying one-third of the passage-way, and over which another passenger had stumbled, was an obstruction, and that defendant was negligent in permitting it to remain there for two hours.

Appellant's fourth point is:   " We also contend that the court failed to properly instruct the jury."   But one instruction was given for the plaintiff, which was as follows:

" The court instructs the jury, that if you believe from the evidence that plaintiff has made out the charge of negligence, as alleged in the declaration, by a preponderance of the evidence, you should find the defendant guilty, and assess the plaintiff's damages at such sum as, under the evidence, will fairly compensate her for the injury sustained, provided you also find from the evidence that the plaintiff was in the exercise of ordinary care at the time she received the injury."

This instruction is substantially approved in Illinois C. R. R. Co. v. Gilbert, 157 Ill. 354, and in Wabash R. R. Co. v. Smith, 162 Ill. 583.   Appellant cites Toledo, St. L. & K. C. Railroad Co. v. Bailey, 145 Ill. 159, as showing that this instruction is not the law.   The citation does not support appellant's position.   The error in the case cited was to the effect that if the jury found that " all the material allegations of the declaration were proved," they should find for the plaintiff.

No such submission was made in the present instruction.

In the case cited the error was cured by subsequent instructions telling the jury what the material allegations were. In the present case, in subsequent instructions, the jury was plainly told what it was necessary for the plaintiff to prove in order to recover.

Error is assigned for the refusal of the court to give certain instructions asked by defendant. These instructions are not numbered, and can not be intelligently considered without quoting them entire, and also all the instructions that were given by the court upon its own motion. It is sufficient to say that the instructions given by the court fully and fairly covered every point and principle that appellant was entitled to ask. Appellant cites cases to show that in circumstances attended with only ordinary danger, carriers are required to use only ordinary care. Conceding this to be the law, there is no ground for complaint for refusing an instruction covering this point, since the court gave the following: "There is no law which requires the aisle of a passenger car to be any particular width, nor any law which prevents the passengers from placing their valises in the aisle of the car. All that railroad companies are required to do is to have the aisle of the car in such condition that passengers in the car exercising ordinary care (which is such care as a reasonably prudent person would exercise under similar circumstances) could safely walk in or along the aisle of the car, while on the car or while getting in or off the car, and the passenger doing this is bound to use due care and caution; and if the jury believe from the evidence in this case that the plaintiff was a passenger in the car of defendant; that when walking along the aisle of the car her foot struck against a valise which a passenger had placed on the side of the aisle of the car, and was injured; and if they further believe from the evidence that, with the valise in the aisle of the car, there was plenty of room or space to have enabled the plaintiff to have walked safely by it, and safely alighted from the car, if she had used her eyesight and the care which a reasonably prudent person would have exercised under similar

circumstances, and that she did not use such caution, then the law is, the plaintiff was guilty of contributory negligence, and if they so find, they will find their verdict for defendant."

That the appellee must have been in the exercise of ordinary care at the time of the accident, and that it must have been caused by the negligence of appellant, in order to warrant a recovery, were propositions of law clearly placed before the jury by the instructions of the court. In the light of these instructions, from the evidence in the case, the jury found for appellee.

There being evidence to sustain the verdict, and no material error appearing in the record, the judgment is affirmed.