## August Riemann v. Tyroler and Vorarlberger Verein.

1. CORPORATIONS—*Body Having Been Dealt With as a De Facto Corporation Can Recover upon the Undertaking.*—Where a party deals with a body as a corporation *de facto*, the corporation can recover upon the undertaking with it entered into by him.

2.  Pleading—*Misnomer Must be Taken Advantage of by Plea in Abatement.*—If a corporation sues by a wrong name, advantage must be taken of it by a plea in abatement. A misnomer is waived by pleading to the merits.

3.  Same—*Declaration of Corporation Need Not Be Identical with the Name by Which it Made the Contract.*—It is not necessary that in an action brought by a corporation upon an instrument executed to it, the declaration should be identical with the name by which it made the contract.

4.  Same—*Question Where There is a Variance Between the Name of the Corporation in the Declaration and in the Contract.*—In this regard, if a question as to variance is made upon the trial, the issue is whether the suit is by the corporation with which the contract was made.

**Debt upon a Bond.**—Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 16, 1902.

Ernest Saunders, attorney for appellant.

E. F. Hermann and E. M. Winston, attorneys for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the court.

This was an action upon a bond. Upon the trial it appeared that August 18, 1898, appellant and one John Geiger entered into bond to the Tyroler and Voralberger Verein of Chicago in the penal sum of $500, condition as follows:

"Whereas, the above bounden John Geiger was, on the twenty-sixth day of July, A. D. 1898, duly elected to the office of trustee of Tyroler and Voralberger Verein for the ensuing year, ending July 25, 1899, and is about to assume the duties of said office, now, if the said John Geiger shall well and truly perform the duties of said office of trustee during his term of office and shall safely keep and truly account for all moneys, goods and chattels and other things coming to his hands as such trustee during his term of office, and at the expiration of his term of office shall pay over to his successor in office or to any other person duly authorized by said Tyroler and Voralberger Verein to receive same, all moneys, goods and chattels

and other things received by him as such trustee and not otherwise lawfully paid out, and shall deliver to his successor in office or other person appointed to receive the same, all property, books, papers, and other things in his hands belonging to said office, and shall at the expiration of his term of office, or oftener, if thereunto requested by Tyroler and Voralberger Verein, render a just and true account of his doings as such trustee, then this obligation to be void; otherwise to remain in full force and virtue."

It also appeared that said Geiger, as such trustee, had on hand belonging to such Verein at the time of the execution of said bond more than $100; that July 11, 1898, he received as such trustee $101.50, August 18, 1898, $100, and December 15, 1898, $100; that of the moneys so by him received he withdrew none for the purposes of the lodge, but in the latter part of January, 1899, he withdrew $280 and used it in his business, and during the following February or March he withdrew the balance for the same purpose; in all, the money of the lodge by him taken and used in his own business, amounting to $301.50; that none of this money so withdrawn has been replaced; that Martin Gabel, having been elected trustee to succeed Mr. Geiger, demanded of him the money he, Geiger, had received for the lodge; that Geiger told him that he did not have the money.

The jury returned a verdict finding the issues for the plaintiff, finding the amount of the debt $500, and assessing the plaintiff's damages at $301.50, upon which verdict there was judgment, from which the surety upon the bond prosecutes this appeal.

It is urged by appellant that there was a variance between the name of appellee as set forth in the declaration, and the charter to it introduced in evidence. No variance was pointed out or called attention to upon the trial. Appellant pleaded in the court below *nul tiel corporation* and a plea of *non damnificatus*. Upon the introduction of the charter issued to appellee, it appeared by an indorsement upon the back thereof that it was filed for record in the office of the recorder of deeds October 14, 1899. Appellant

upon this insists that there was no such corporation at the time he executed the bond, nor at the time the money was received by Geiger, nor when the same was withdrawn by him.

The statute, section four of chapter thirty-two, provides that when certain things shall have been done, the " secretary of state shall thereupon issue a certificate of the complete organization of the corporation, making a part thereof a copy of all papers filed in his office in and about the organization of the corporation, and duly authenticate it under his hand and seal of state, and the same shall be recorded in a book for that purpose in the office of the recorder of deeds in the county where the principal office of said company is located. Upon the recording of the said copy the corporation shall be deemed fully organized and may proceed to business."

Upon the trial it appeared that appellee was doing business as a corporation and holding itself out as such at the time the bond was executed, as well as when the money was received by Geiger, and also when it was by him appropriated to his own use, and that appellant was a member of the corporation. Appellee was at least a corporation *de facto*, and having been dealt with as such by appellant it can recover upon the undertaking which it entered into by him. Bushnell v. Consolidated Ice M. Co., 138 Ill. 67–73; Concord Apartment House v. Alaska Refrigerator Co., 78 Ill. App. 685; Cozzens v. Chicago Brick Co., 166 Ill. 213–215.

Appellant insists that appellee permitted Geiger to remain its trustee after it became aware that he had appropriated its money to its use and therefore no recovery can be had against him, appellant.

It does not appear that Geiger received any money or other thing from or for appellee subsequent to the time when it became aware that he had acted in an improper manner, nor that appellant was in any way or manner injured by Geiger's continuing to hold the office of trustee, if he did so hold, after appellee became aware that he was a defaulter.

If a corporation sues by a wrong name, advantage must be taken of this by a plea in abatement. A misnomer is waived by pleading to the merits. 5th Ency. of Pleading and Practice, 68.

Nor is it necessary that in an action brought by a corporation upon an instrument executed to it, the declaration should be identical with the name by which it made the contract. Peake v. Wabash R. R. Co., 18 Ill. 88.

In this regard, if a question as to variance is made upon the trial, the issue is whether the suit is by the corporation with which the contract was made. 5th Ency. of Pleading and Practice, 68.

Appellant says that there is a variance between the verdict returned by the jury and that set forth in the bill of exceptions. Neither of these is shown by the abstract, but if there be such a variance the verdict as set forth in the bill of exceptions will be taken to be the true one.

Appellant insists that he should have been allowed to show upon the trial that at some time he appeared in the lodge and asked to have an examination made of Geiger's accounts. Appellant did not offer to show that he applied for such examination at any particular time nor when an examination would have been of any benefit to him, nor that such examination would in any way have prevented either the reception of the money by Geiger or his application of it to his own use.

The jury were fairly instructed, the evidence fully sustains the verdict, and the judgment of the Superior Court is affirmed.