## Jefferson County Farm Bureau, Appellant, v. William Stewart, Appellee.

1. CORPORATIONS—*liability on subscription agreement signed before incorporation*. In an action upon an agreement by defendant to join plaintiff, a farm bureau, and to pay $10 annually for three years, recovery could be had upon showing a compliance with the contract by plaintiff though at the time the contract was made plaintiff was not incorporated, where the plaintiff was organized and acting as a *de facto* corporation at that time and its incorporation was effected prior to institution of the action.

2. CORPORATIONS—*when subscription irrevocable*. Where a party signs a membership subscription contract his promise to pay is a mere offer until acted upon but when money has been expended or labor bestowed upon the faith of it, it becomes irrevocable and binding though at the time the writing was executed the corporation was only in contemplation.

Appeal by plaintiff from the County Court of Jefferson county; the Hon. J. R. PIERCY, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed February 9, 1925.

WILLIAM H. GREEN, for appellant.

KIRBY SMITH, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

An action was instituted before a justice of the peace of Jefferson county by appellant to recover against appellee the amount due and unpaid on a subscription made by appellee. A trial was had, resulting in a finding and judgment in favor of appellant for the sum of $20. Appellee appealed said cause to the county court where, on a trial before the court without a jury, a finding was made in favor of appellee and judgment was rendered against appellant for costs. To reverse said judgment, this appeal is prosecuted.

The principal ground relied on by appellant for a reversal of said cause is that the court erred in refusing to admit the subscription contract sued on, in evidence, and in rendering judgment in favor of appellee.

No brief was filed by appellee, and under the rules of this court we would be warranted in reversing said cause pro forma but in view of the fact that it is represented there are several other like cases pending or to be instituted, we deemed it best to pass on the merits of the case.

The subscription sued on is as follows:

"I hereby agree to join the Jefferson County Farm Bureau, and to pay the sum of $10.00 per annum for a period of three years, the first payment to be due as soon as the farm advisor is employed, and the second and third payments one and two years thereafter, respectively. It is expressly understood that this membership fee need not be paid for any year unless a county advisor is employed for that year." Signed, "Wm. Stewart."

We gather from the evidence, and from the rulings of the court and the reasons stated therefor, that said contract was excluded on the theory that at the time the subscription was signed the Jefferson County Farm Bureau had not been incorporated.

The record discloses that one Bertram Abney was employed as farm advisor by appellant in March, 1921, and that he continued in the employment of said Farm Bureau up until the trial of said cause in the county court. The record further discloses that appellee paid appellant the $10.00 owing for the year first succeeding the date of his subscription, so that so far as any undertaking on the part of appellant was concerned with reference to the employment and the keeping in its employ of a farm advisor, it complied fully therewith.

This being the state of the record, the question arises as to whether, even though it be conceded that, at the time said subscription contract was signed, the Jefferson County Farm Bureau was not incorporated, appellee can escape liability on his subscription? For some reason the incorporation of said Farm Bureau was delayed longer than was anticipated at the time said subscription was taken. However, it had been incorporated, and a certificate of incorporation had been issued by the Secretary of the State and filed with the recorder of said county prior to the institution of this suit. Prior to its legal incorporation, the Jefferson County Farm Bureau had been functioning as a *de facto* corporation. It had officers, a constitution and by-laws, and held meetings and other proceedings as a corporation.

The law is that where a party signs a subscription contract, his promise to pay is a mere offer until acted upon, but when money has been expended or labor bestowed upon the faith of it, it becomes irrevocable and binding as a promise to pay, and this although at the time the writing was executed the corporation was only in contemplation. *Cross v. Pinckneyville Mill Co.*, 17 Ill. 54; *Tonica & P. R. Co. v. McNeely*, 21 Ill. 72; *Johnston v. Ewing Female University*, 35 Ill. 518; *Snell v. Trustees, M. E. Church of Clinton*, 58 Ill. 290; *Pratt v. Trustees, Baptist So-*

*ciety of Elgin,* 93 Ill. 475; *Hudson v. Green Hill Seminary Corporation,* 113 Ill. 618-627.

In *Snell v. Trustees, M. E. Church of Clinton, supra,* the court at page 291 says:

"The question which has been made as to the plaintiffs being a corporation at the time the suit was commenced does not properly arise for consideration, as it was not an issue. The only plea in that respect * * * was one of *nul tiel corporation* at the time of the alleged promise; and the issue in law upon that plea was found for the defendant—that plea stood confessed, but, notwithstanding all that, the plaintiffs were entitled to a judgment in their favor, because the plea presented an immaterial issue.

"Although the plaintiffs were not a corporation at the time the promise was made, they might have been at the time of the commencement of the suit.

"This court has held in several cases, that a subscription made in contemplation of an incorporation is legal, and the party making it, bound to fulfill. *Johnston v. Ewing Female University,* 35 Ill. 518, and cases there cited."

The law further is that in a collateral proceeding, proof of the existence of a corporation *de facto* is sufficient on a plea of *nul tiel corporation.* *Mitchell v. Deeds,* 49 Ill. 416; *Cozzens v. Chicago Hydraulic-Press Brick Co.,* 166 Ill. 213; *Marshall v. Keach,* 227 Ill. 35-44. So, even conceding that appellant was only a corporation *de facto,* the evidence in this record would be sufficient to warrant a recovery in its favor, even though a plea of *nul tiel corporation* had been filed.

The record fails to show any substantial reason or excuse for the failure of appellee to pay the balance on his subscription.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*