ELIJAH T. HARRIS

v.

JAMES SHEBEK, by Next Friend, etc.

*Filed at Ottawa, June 19, 1894.*

1. MASTER AND SERVANT—*duty of master to inexperienced servant.* In an action by a servant to recover for a personal injury, an instruction told the jury, that it was the duty of an employer to instruct and warn an employé of tender years, who is ignorant and inexperienced, of all dangers incident to his employment; whether a danger was incident to the employment, was a question of fact for the jury: *Held*, that the charge was not too broad, but stated correctly the duty of the master to the servant as a rule of law.

2. The same instruction further stated, "that if such employé, while using ordinary care, is hurt by a danger known to the employer and unknown to the employé, the employer is liable," etc.: *Held*, that

this was not misleading as authorizing the jury to find a verdict for any danger not incident to the employment.

3. INSTRUCTIONS—*recognizing a matter of common knowledge.* It is a matter of common knowledge that heavy machinery with revolving cylinders and wheels connected by belting or cogs to the main power, propelled by steam, is, when in motion, hazardous. In an action for damages for a personal injury from machinery, an instruction recognizing this fact is not, in this respect, a charge as to a controverted fact, but is a recognition of a matter of common knowledge. Such recognition is not contrary to any rule of law.

4. APPEAL—*questions of fact settled by Appellate Court.* In an action to recover for a personal injury, the questions whether the plaintiff was using due care and caution at the time of the injury, and whether the defendant was guilty of negligence, are questions of fact, which are conclusively settled by the judgments of the trial and Appellate Courts.

5. PRACTICE—*variance—how presented as a question of law.* To present the question of variance as one of law, the evidence must be objected to at the time it is offered, on that ground, or when the variance becomes apparent, counsel should move to exclude the evidence, or in some other proper way, the question should be so raised that the trial court may pass upon it. And to properly raise the question in any of these ways, the variance should be distinctly pointed out, so as to enable the trial judge to pass upon it understandingly, and to enable the plaintiff to obviate the objection by an amendment of his declaration.

6. SAME—*waiver of motion to instruct for the defendant.* After the plaintiff had rested his case, the defendant moved the court to direct a verdict for the defendant, without further stating the ground of the motion; and when it was overruled, the defendant introduced his evidence in rebuttal, and the motion was not renewed: *Held,* that the defendant thereby waived his right to assign as error the denial of his motion.

7. The question as to whether the negligence proved differs from that alleged in the declaration is also a question of fact, where there is any evidence tending to support the declaration.

8. SAME—*abandonment of an assignment of error.* Where an appellant in his brief makes no mention of the refusal of an instruction, and suggests no reason why it was pertinent, or stated a correct rule of law, it may be considered that he has abandoned that assignment of error.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County; the Hon. FRANK ADAMS, Judge, presiding.

This is an appeal from a judgment recovered at law by appellee against appellant for two thousand dollars, in an action on the case for personal injuries resulting to the plaintiff through the negligence, as it is claimed, of the defendant, which judgment was thereafter affirmed by the Appellate Court.   Defendant was owner of a factory in the city of Chicago, wherein he was manufacturing ornamental brass and iron goods.   Plaintiff was employed therein to assist the nickle plater, brush off iron castings and carry them to the platers.   The polishing and plating department was located on the third floor of the factory building, and consisted in chief of two rooms, a large one wherein were polishing and other machines, and a smaller one where was located the plating apparatus.   In coming from the lower floor up into this department, the passage-way led up a flight of stairs on the west side of the large room, then along the rear or north end of said room across the same to the door connecting with the plating or smaller room, which door was in the northeast corner of the large room, and about two or three feet south of the north partition or rear end of the large room.   About two feet south of this door, and close against the partition on the east side of the large room dividing it from the plating room, was situated what is known as a drawing machine.   This was a machine operated by steam power, and used for making brass mouldings by drawing strips of sheet brass through a steel die.   The machine was about two feet in width and eighteen in length, and consisted of a double set (four) of cog-wheels located at the north end of the machine, a long frame and an arrangement at the south end of the machine for holding the die.

Of these sets of cog-wheels those nearest the door revolved upward, and the set farthest from the door downward, and each consisted of two wheels, one about sixteen inches and the other about eight inches in diameter, placed

19—151 ILL.

on a horizontal line about three and one-half feet from the floor. In operating this machine, the operator walked to the south end thereof, attached the clutch to a piece of brass and started the machine. Then he walked along until the chain attached to the clutch had drawn the brass through the die and had traveled north to the gearing described above. Then he reached over the cog-wheels, disengaged the clutch, took out the moulding, and walking back drew the chain to the south end of the machine ready to repeat the operation.

Plaintiff claims, that on the morning of the 20th of February, 1891, when he had been in the employ of the defendant about two and one-half days, and at about seven thirty A. M. on said day, he was called by his foreman from the plating into the polishing room to do some work. That it was a dark, stormy morning, and as he was passing through the door between the rooms, being told to hurry up, he started forward, and stumbling over a pile of castings lying on the floor which the darkness prevented his seeing, a foot or so west of the drawing machine, fell upon the cog-wheels thereof, and thereby the four fingers upon his left hand were so badly injured as to necessitate amputation. The appellant assigns as error, variance between the proof and the allegations of the declaration, and in refusing instructions for defendant and in giving instructions for plaintiff.

Messrs. NEWELL & CAMP and Mr. A. B. WILSON, for the appellant:

To render the master liable, the servant must have been injured through a danger incident to his employment; that is, appertaining to or connected with his employment.

The master can not be held liable for injuries resulting from dangers unconnected with the servant's duties as such employé; that is, the injury must have resulted from dangers connected with the discharge of the servant's duties to his master. Am. and Eng. Enc. of Law, vol. 14, p.

859, sec. xxiv; *Pittsburgh, etc., R. Co.* v. *Adams,* 105 Ind. 151; *Hawley* v. *Chicago, etc., Ry. Co.,* 71 Iowa, 717; 8 Am. and Eng. Ry. Cases, 504; *Warnell* v. *Maine, etc., Ry.,* 79 Maine, 397; *Atlanta Ry. Co.* v. *Ray,* 70 Ga. 674.

The master is not bound to warn the servant of dangers not incident to his employment, or which are apparent, even though the servant be a minor of the age of plaintiff in this case. *C., R. I. & P. Railway* v. *Clark,* 108 Ill. 113; *Buckley* v. *G. P. & R. Mfg. Co.,* 113 N. Y. 540.

The evidence adduced upon the trial fails to support the allegations made in the declaration, and makes out another and entirely different case, which defendant was not prepared to meet.

The Supreme Court will review the testimony, notwithstanding that there has been a judgment of affirmance in the Appellate Court, to see if there is a variance between the allegations and proofs. *Ives* v. *McHard,* 103 Ill. 97.

The trial court should, therefore, have sustained defendant's motion to take the case from the jury, and the fact that defendant, upon the court's refusal so to do, proceeded to introduce such evidence as he then had at his command, did not amount to an abandonment of such motion by him. *Wabash, etc., Ry. Co.* v. *Coble,* 113 Ill. 115.

Mr. J. F. KOHOUT, for the appellee:

And it seems to counsel, that said decision effectually disposes of the questions of the variance of the testimony and declarations, and the overruling of the motion to take the case from the jury on account of such variance.

More especially as appellant abandoned his motion by presenting his evidence after its denial, and by neglecting to renew his motion at the conclusion of the testimony. *Ames & Frost Co.* v. *Strachurski,* 145 Ill. 192; *Joliet, A. & N. Ry. Co.* v. *Velie,* 140 id. 59.

This leaves for consideration only the matter of the instruction—whether it was erroneous; or, if erroneous,

whether appellant was injured by the instruction. The general trend of all of the testimony showed that the cog-wheels, being uncovered, were dangerous, appellant gave no evidence whatever to show that they were not danger-ous, and, in fact, in his own instructions to the jury treated them as dangerous. And the reasons given in the case of *Pressed Brick Co.* v. *Reinneiger*, 140 Ill. 334, in passing upon a similar instruction, ought to govern in this case, that said instruction was not erroneous, and that it did not assume the cog-wheels as dangerous, to the injury of ap-pellant.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

The questions of fact as to whether the plaintiff was using due care and caution at the time of injury, and whether the defendant was guilty of negligence, are set-tled by the adjudications of the Circuit and Appellate Courts. The question presented as to whether the negli-gence proved differs from that alleged in the declaration is also a question of fact, where there is any evidence tend-ing to support the declaration. *Libby, McNeill & Libby* v. *Scherman*, 146 Ill. 540. In the latter case it was held: "To present the question of variance as one of law, the evi-dence should have been objected to at the time it was of-fered, on that ground, or when the variance became appar-ent, counsel should have moved to exclude the evidence, or in some other appropriate way the question should have been so raised that the trial judge could have passed upon it; and to properly raise the question in any of these modes, the variance should have been distinctly pointed out, so as to enable the trial judge to pass upon it understandingly, and to enable the plaintiff, if such course should become necessary, to obviate the objection by an amendment to the declaration."

This record does not show, that evidence was objected to because of variance between the proof offered and the alle-

gations of the declaration, nor was there a motion to exclude because of variance. It does appear, that when plaintiff rested his case the defendant moved the court to instruct the jury to find a verdict for the defendant, but no ground for the motion was further stated, and that motion was denied, and the defendant introduced his evidence to contradict that of the plaintiff, and the motion was not renewed. The defendant thereby waived his right to assign as error the overruling his motion to instruct the jury to find for the defendant, made when plaintiff rested his case. No question of variance arises on this record, that can be availed of in this court. *Joliet, Aurora & Northern Ry. Co.* v. *Velie,* 140 Ill. 59; *Ames & Frost Co.* v. *Strachurski,* 145 Ill. 192; *Libby, McNeill & Libby* v. *Scherman, supra.* Neither is there error in the instruction given for plaintiff. It is a matter of common knowledge, that heavy machinery with revolving cylinders and wheels connected by belting or cogs to the main power, propelled by steam, is, when in motion, hazardous. A recognition of a matter of common knowledge is not contrary to any rule of law, and the instruction charging the jury, that if the defendant knew of the dangerous character of the cog-wheels and failed to inform the plaintiff and that plaintiff, was ignorant and inexperienced, etc., was not a charge as to a controverted fact, but a recognition of a matter of common knowledge. Nor was that instruction too broad in charging the jury, that it was the duty of an employer to instruct and warn an employé of tender years and who is ignorant and inexperienced of all dangers incident to his employment; whether a danger was incident to the employment, was a question of fact for the jury. The duty of the employer to the employé was correctly stated as a rule of law. The next clause of the instruction "and that if such employé while using ordinary care is hurt by a danger known to the employer and unknown to the employé, the employer is liable," etc., is not misleading, authorizing the jury to find a verdict for

any danger not incident to the employment. The connection in which that clause is used precludes such construction. There was evidence in the record that authorized the giving of that instruction. Error is assigned for the refusal of certain instructions asked by the defendant, but appellant in his brief makes no mention of the refusal of instructions, and suggests no reason why they were pertinent or stated a correct rule of law, and it may well be considered that appellant has abandoned that ' assignment of error. We find no error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*