THE CALUMET ELECTRIC STREET·RAILWAY COMPANY

*v.*

WILLIAM C. LEWIS, Admr.

*Opinion filed November 1, 1897.*

1. APPEALS AND ERRORS—*when Appellate Court's judgment is conclusive.* In suits at law tried without a jury, where no exception is taken to the rulings of the court on evidence and no propositions submitted or question of law otherwise raised, the judgment of the Appellate Court affirming that of the trial court is conclusive.

2. SAME—*when court will allow damages for prosecuting appeal merely for delay.* On motion of the appellee the Supreme Court will allow damages where, from the state of the record and the circumstances of the case, it appears to the court that the appeal must have been prosecuted merely for delay.

*Calumet Electric Street Railway Co.* v. *Lewis,* 68 Ill. App. 598, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

JUDSON F. GOING, and L. C. KNIGHT, (J. A. BURHANS, of counsel,) for appellant.

WILLIAM C. ASAY, and ROBERT REDFIELD, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case by appellee, against appellant, to recover damages for negligently causing the death of his infant daughter, two years and five months of age. The child was in the act of crossing the track of the appellant company, and was struck and run over by a passing car. By consent of the parties the case was tried by the court without a jury, the judgment being for the plaintiff for $1800, which has been affirmed by the Appellate Court.

It appears from an examination of the abstract of the record on file that no propositions of law were presented to the trial court to be held as the law in the decision of the case. No objection whatever was made to its ruling on the admission or exclusion of testimony, nor are errors of law otherwise raised on the record. There is therefore no question presented of which we have jurisdiction. In this state of the record we think the request of appellee that damages be allowed for delay should be granted. It is impossible that a reversal of the judgment of the court below should have been hoped for on this appeal. It must therefore have been prosecuted merely for delay.

The judgment of the Appellate Court will accordingly be affirmed, and the plaintiff below allowed five per cent damages for delay.                    *Judgment affirmed.*