HERMAN GROSSMAN et al.

v.

WILLIAM S. COSGROVE.

174    383
212   ¹ 26

*Opinion filed October 24, 1898.*

1. APPEALS AND ERRORS—*Supreme Court cannot consider question whether damages were excessive.* The question whether the damages awarded by a jury in a personal injury case are excessive is finally settled by the Appellate Court's judgment of affirmance, and is one which the Supreme Court cannot consider.

2. SAME—*when damages will be awarded for delay.* Damages will be awarded, on motion of the appellee, where it appears that the appeal must have been prosecuted merely for delay, the only question argued in the Appellate Court being a question of fact, upon which the judgment of that court was conclusive.

*Grossman* v. *Cosgrove*, 75 Ill. App. 385, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

HOFHEIMER & PFLAUM, for appellants.

JAMES J. BARBOUR, and ALFRED E. MCCORDIC, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the superior court of Cook county in favor of appellee. William S. Cosgrove, the appellee, was permanently injured in an elevator through the negligence of appellants' servant, and was awarded $5000 damages. The only question argued in the Appellate Court was that the damages were excessive. That court found against appellants' contention, and they have re-filed their Appellate Court brief in this court, raising the same question here. As this is a question of fact it is settled by the judgment of the Appellate Court, and

there is therefore no question presented of which we have jurisdiction. In this state of the case we think the request of appellee that appellants be adjudged to pay damages for the delay should be granted. It is impossible a reversal of the judgment of the Appellate Court should have been hoped for on this appeal. It must therefore have been prosecuted merely for delay, and appellants should pay damages for such delay, under the statute. *Calumet Electric Street Railway Co.* v. *Lewis*, 168 Ill. 249.

The judgment of the Appellate Court will accordingly be affirmed, and judgment will be entered in this court against appellants and in favor of appellee for five per cent of the judgment so sought to be reversed,—that is, for $250,—for such delay, in addition to costs of the appeal, and execution will be awarded therefor.

*Judgment affirmed.*