### City of Chicago v. Teresa McCabe, Adm'x.

1. VARIANCE—*Questions of, to be Raised in the Trial Court.*—Ques-
tions of variance between the pleadings and proofs, unless raised in the
trial court, are to be considered as waived.

2. MUNICIPAL CORPORATIONS—*Constructive Notice of Defects in
Streets.*—It is the duty of municipal officers to use ordinary care to keep
the streets in a reasonably safe condition for public travel, and where
there is abundant time by reasonably frequent examinations to discover

and remedy a defective street, and a person is injured in consequence of such defects, the municipality will not be relieved from liability for the consequences of its negligence.

3. Same—*Knowledge of Defects by the Person Injured.*—The fact that a person continues to drive over a defective street after knowledge, and is injured in consequence of such defects, does not of itself prove the want of ordinary care on his part.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Henry B. Willis, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed February 19, 1901.

Statement.—This is a suit to recover damages for injuries resulting in the death of one John Lennan, alleged to have been caused by the negligence of appellant in permitting Fifty-first street, near its intersection with the tracks of the P., Ft. W. & C. Ry. Co., to be and remain out of repair, and in an unsafe and dangerous condition.

Appellee's intestate was sitting in his wagon driving the team thereto attached. Fifty-first street was unimproved east of Tracy avenue, but from that avenue westward, the roadway was planked over, extending across the railroad tracks a distance of about a block and a half. This planking was worn through here and there, and at these places were holes of varying size and depth. The approach on the east was some inches lower than the edge of the planking. There is evidence tending to show that the deceased approached the crossing from the east on Fifty-first street, his horses moving at an ordinary trot. As they reached the planking the horses started up at a much greater rate of speed. It is stated by some of the witnesses that they were going at a gallop, when, at a point about seventy-five feet westward, a front wheel ran into a hole described as being about two feet square by ten inches in depth. The deceased fell or was thrown from his wagon and received injuries causing his death. It is charged in the declaration that said hole in the planking had been there about three months prior to the accident; but there is evidence tending to show that the planking had been in about the same con-

dition for a year. At the conclusion of the plaintiff's evidence and again at the conclusion of all the evidence, appellant's attorneys requested instructions in writing, directing the jury to find the defendant not guilty, which the court refused. From the verdict and judgment in favor of appellee this appeal is prosecuted.

ANDREW J. RYAN, city attorney, JOHN E. KEHOE, assistant city attorney, for appellant; JAMES J. KELLY, of counsel.

SULLIVAN & McARDLE, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged by appellant's attorneys that "the gravamen of the action is that the wheel of the wagon ran over the head of deceased and caused his death." This specific averment of the declaration is not supported by evidence. No proof of that kind was introduced. It is urged that there is therefore a material variance between the declaration and the proof. Appellee's attorneys concede that no evidence was offered to sustain that averment of the declaration, which is that "one of the wheels of the wagon passed over his head, and he was thereby then and there killed." But it is claimed that failure to make proof in this respect was justified by a verbal stipulation made at the trial for the purpose of saving time. As stated in the abstract, this stipulation was that the deceased "fell off the wagon at the time and place herein, and that the fall resulted in his death." It is quite apparent that this stipulation, made while the plaintiff's evidence was going in, was intended and understood to waive the necessity of proving in detail how the fall of the deceased from the wagon resulted in or caused his death. It may, we think, be fairly regarded as intended to concede that the fall resulted in his death in the manner charged in the declaration. The witness then on the stand had testified that the deceased was thrown off when one of the wheels went down in the depression. That was the important point. The exact manner in which death resulted from the fall was not so material, and was not a

controverted matter. If it was not the intention of appellee's attorneys, by their stipulation, to waive this proof, the objection should have been made before the trial court where it could have been obviated by amendment or additional evidence. Libby v. Scherman, 146 Ill. 540 (549); Harris v. Shebek, 151 Ill. 287 (292); Swift v. Madden, 165 Ill. 41 (48); Cozzens v. Chicago, 166 Ill. 213 (220).

It is urged that there is a failure to show the exercise of due care on the part of deceased at the time of the accident. There is evidence tending to show that when the wagon struck the planking in the first instance there was a jar, and the horses began to go more quickly; that the deceased was "holding the horses down pretty tight," and "pulling the horses back" at the time the wheel went into the hole. What started the horses to going faster, does not definitely appear, unless they were started by the jar when the wheel struck the edge of the planking. But from this evidence the jury were justified in concluding that the injury resulted from the defect, viz., the hole into which the wheel sank; and that it was not caused merely by the increased speed of the horses, which was without apparent fault on the part of the deceased, and which he was doing his best to check. If the negligence of appellant was an efficient cause, without which the injury would not have occurred, then it is no defense to an action that the increased speed of the horses without fault or negligence of the deceased contributed thereto. City of Joliet v. Schufeldt, 144 Ill. 403 (410), and cases there cited. It is said that the deceased had been in the habit of passing over this road frequently immediately prior to the accident, and must have been familiar with its condition. This may be true, but under ordinary conditions he might, as others were doing, and as he had done before, have passed over with entire safety, and avoided the hole which threw him out of his wagon. The street was open to and apparently in constant use by the public, and there was testimony tending to show that it had been in the same general condition for about a year before the accident. The fact that he continued to drive over it under these circum-

stances does not of itself prove the want of ordinary care. That he was in the exercise of such care, the jury have found, and we regard the evidence as justifying such conclusion.

It is not disputed that the defect in this planking laid in the street had been permitted to remain unheeded for a long time before the accident. There was abundant time when, by reasonably frequent examinations, it ought to have been known and remedied. Under such circumstances the municipality will not be relieved from liability for the consequences of its negligence. City of LaSalle v. Porterfield, 138 Ill. 114 (119), and cases there cited.

It is the duty of municipal officers to use ordinary care to keep its streets in a reasonably safe condition for public travel.

The jury were so instructed. Taken together, the instructions stated the law with substantial accuracy, and as favorably to appellant as it was entitled.

The judgment of the Circuit Court must be affirmed.

SHEPARD, J.: I entertain much doubt, but do not dissent.