### THE CITY OF TAYLORVILLE

*v.*

### MARY A. STAFFORD.

*Opinion filed April 16, 1902.*

1. EVIDENCE—*admissibility of proof of the condition of walk at places other than that of accident.* In an action against a city for injuries received by the plaintiff from falling over a stake which had been driven in the ground to fill a hole in a plank sidewalk and which had worked up above the level of the walk, evidence that there were other stakes in the same condition at other places in the walk is admissible, not to prove negligence by the city, but as tending to show that the city had notice of the condition of the walk, and that stakes so driven would work up above the level.

2. SAME—*when evidence of subsequent repairs is admissible in rebuttal.* If the plaintiff in a suit against a city introduces evidence as to the height above the sidewalk of the stake over which she stumbled, and the defendant proves a measurement taken after the injury from which the height appeared much less, the plaintiff may prove, in rebuttal, that the stake had been driven down before the taking of the measurement proved by the defendant.

3. SAME—*evidence that others had stumbled over the same stake is admissible.* In an action against a city for injuries received by plaintiff from stumbling over a stake in the sidewalk, evidence that others had stumbled over the stake is competent, not for the purpose of proving independent acts of negligence, but as tending to show that the common cause of the accident was dangerous.

*City of Taylorville* v. *Stafford,* 99 Ill. App. 418, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. TRUMAN E. AMES, Judge, presiding.

LEROY ANDERSON, City Attorney, and HOGAN & DREN-NAN, for appellant.

J. C. & W. B. MCBRIDE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Third District affirmed the judgment recovered by appellee against appellant in the circuit court of Christian county for injuries sustained by falling on a sidewalk.

It is assigned for error that the court admitted evidence on behalf of plaintiff of the condition of the sidewalk at other places than the one where plaintiff fell. The sidewalk was made of three twelve-inch planks running lengthwise and resting on cross-pieces, to which they were nailed. Early in the winter of 1898 a plank had become decayed at one end, and it was repaired by putting in a strip eighteen inches to two feet long to fill the space and nailing it in. The strip was not quite long enough to fill the whole space, and what the witnesses and counsel call a "staub" was driven into the ground at the end of the strip to fill it out. This staub was a peg or stake, and it was driven down flush with the top of the sidewalk and left in a safe condition. During the winter the stake worked up about two inches on account of the freezing and thawing of the ground, and it had been in that condition several weeks when plaintiff stumbled over it, on March 13, 1899. The evidence objected to was, that there were a considerable number of these stakes driven down in the sidewalk along the block where the accident occurred, and that at the time of the accident several of them were above the level of the sidewalk. The evidence was that the sidewalk was in fair order, except as to these stakes. The evidence was not admissible to prove negligence on the part of the de-

196—19

fendant. There was no dispute as to where the accident occurred, and the condition of stakes at other places did not affect the plaintiff in any way. She was not entitled to prove a general neglect of duty to the public respecting the care of sidewalks as a ground of recovery, and could only recover for an injury which resulted from the condition of the stake where she fell. It is sometimes, however, a material question whether a city has notice of the condition of one of its sidewalks, and that was the case here. The sidewalk, when repaired, was left in a safe condition, and it was necessary to prove actual or constructive notice that it had become unsafe. When that question is in dispute it is competent to show a general decayed, dilapidated and unsafe condition of a sidewalk, or other facts from which notice may fairly be inferred. For this reason we think it was competent to show that other stakes driven in the same walk were above the top of the sidewalk, as tending to show that the defendant had notice of such conditions in the sidewalk, and that a stake driven in the ground would be lifted by freezing and thawing so as to project above the sidewalk.

The court permitted plaintiff, in rebuttal, to prove that there had been a change in the condition of the sidewalk after the accident. The question of negligence is to be determined by the condition of the sidewalk before and at the time of the injury, and evidence of repairs afterwards is not admissible. Its effect ordinarily is to operate as an admission of negligence. (*Hodges* v. *Percival*, 132 Ill. 53; *City of Bloomington* v. *Legg*, 151 id. 9; *Howe* v. *Medaris*, 183 id. 288.) The testimony complained of in this case was not within the rule prohibiting such evidence. The plaintiff, in making out her case, introduced evidence as to the height of the stake above the sidewalk. The defendant proved a measurement taken afterwards, from which the height appeared to be much less than that testified to by plaintiff's witnesses. Plaintiff was then permitted, in rebuttal, to introduce the evidence in

question, that the stake had been driven down before the measurement proved by defendant. It was competent to show a changed condition.

Plaintiff was also allowed to introduce evidence that others had stumbled over the stake. It was held in *City of Bloomington* v. *Legg, supra,* that such evidence is competent, not for the purpose of showing independent acts of negligence, but as tending to show that the common cause of the accidents is a dangerous and unsafe thing.

Instruction No. 4 given at the request of the plaintiff is conceded to be correct as a proposition of law, but it is argued that it should not have been given because there was no evidence on which to base it. It related to notice to a city where it has repaired a sidewalk and left it in an unsafe condition. The sidewalk was level and safe when the repairs were completed and only became unsafe some time afterward, and there was no controversy on that question. There was no evidence to base the instruction on. It is also true, as claimed by counsel, that instruction No. 12 given at the request of plaintiff had no connection with the case. It was to the effect that it is not the duty of citizens to notify cities of obstructions. As has been so often said, the object of instructions is to enable the jury to apply the law to the facts in the case before them. It is not proper for the court to expound to the jury the law applicable to other situations and other states of fact, or to give instructions merely for educational purposes. The instructions as to what would be notice in some other case or as to civic obligations should not have been given, but we cannot see that any injury could have come from giving them.

Instruction No. 7 given to the jury is objected to as misleading, in relieving the plaintiff of any duty on her part to look out and avoid danger. The only point about the instruction is, that if plaintiff did not know of the defect she had a right to presume the walk to be in a reasonably safe condition for one traveling over it in

the exercise of reasonable care. It is not subject to the objection made.

Complaint is made of the refusal of three instructions asked by the defendant, but upon examination we find that the jury was fully and fairly instructed, and the instructions refused were argumentative in form and otherwise objectionable.

We find no error in the record which would justify a reversal of the judgment. The judgment of the Appellate Court is affirmed.          *Judgment affirmed.*

Mr. JUSTICE RICKS, having been of counsel in this case below, took no part in its decision here.