## The City of Elgin

*v.*

## Louis F. Nofs.

*Opinion filed December 16, 1902.*

1. Trial—*what sufficient to go to jury in action for injury from a defective sidewalk.* Refusal to take the case from the jury is sustained by evidence that the plaintiff, while passing over the sidewalk of a bridge at his ordinary gait, stepped upon a plank which gave way, allowing him to fall through the walk to his waist; that the walk was then and had been for a long time out of repair, and that plaintiff was permanently disabled by the injury.

2. Evidence—*what not too great latitude in testimony of condition of sidewalk.* Testimony as to the condition of the sidewalk at or near the place where plaintiff was injured and at the time the witnesses traveled over it and observed its condition, is proper, as tending to establish notice to the city of the condition of the walk.

3. Same—*when allowing jurors to use magnifying glass is prejudicial error.* In an action against a city for damages for injuries from a defective sidewalk, if there is a sharp conflict as to the condition of the sidewalk, and the stringers which supported it, it is prejudicial error to permit the jury to examine pieces of the stringers through a magnifying glass for the purpose of discovering defects.

4. Municipal corporations—*city is not an insurer of its sidewalks.* A city is only required to use reasonable care to keep its sidewalks in a reasonably safe condition.

*City of Elgin* v. *Nofs*, 103 Ill. App. 11, reversed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. Charles A. Bishop, Judge, presiding.

Charles H. Fisher, Corporation Counsel, and Roy R. Phillips, City Attorney, (R. N. Botsford, of counsel,) for appellant:

Testimony of the bad and defective condition of the whole sidewalk and at a point two hundred feet or more distant from the place where the accident occurred, and at times which were from two to three years prior to the time of the accident, is too remote, both as to time and

place, and is inadmissible. *Tucker* v. *Agricultural Board*, 52 Ill. App. 316; *Savanna* v. *Trusty*, 93 id. 487; *Elgin* v. *Nofs*, 96 id. 291.

A city is only responsible for the use of reasonable diligence in keeping its sidewalks in a reasonably safe condition, and as the basis of an action for negligence it must be shown that the city had notice of the defect, either actual or constructive, in time to have repaired such defect. *Williams* v. *Carterville*, 97 Ill. App. 160; *Owen* v. *Chicago*, 10 id. 465; *Boske* v. *Collopy*, 86 id. 268.

There should be fairness and propriety in the arguments of counsel before the jury, and any departure therefrom tending to mislead or prejudice the jury should not be countenanced by the trial court. *Railroad Co.* v. *Souders*, 178 Ill. 590; *Railway Co.* v. *Krueger*, 68 Ill. App. 450.

RUSSELL & HAZELHURST, and R. S. EGAN, for appellee:

Whether a verdict in a suit at law is against the weight of evidence, and whether or not the sum awarded as damages is excessive, are questions which are settled by the judgments of the lower courts and cannot be considered by the Supreme Court. *Railway Co.* v. *Anderson*, 193 Ill. 9.

Appellant has not pointed out in its brief any supposed error in admitting or rejecting evidence, and the assignments of error in that regard are abandoned. *Banfill* v. *Twyman*, 172 Ill. 123; *Mt. Carroll* v. *Howell*, 137 id. 91; *Springfield* v. *Coe*, 166 id. 22.

In a personal injury case the plaintiff may introduce proof of the condition of things at the time and place of the accident and in the vicinity thereof, upon the ground, first, as bearing upon the question as to whether the plaintiff was exercising due care to avoid injury; and second, as throwing light upon the question of notice to the city. *Railway Co.* v. *Lane*, 130 Ill. 116; *Railway Co.* v. *Lubeck*, 157 id. 595.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Second District affirming a judgment of the circuit court of Kane county in favor of appellee for $15,000, for injuries sustained by him by falling through a sidewalk on a bridge over the Fox river, situated within the corporate limits of the city of Elgin.

The first contention of appellant is that the court erred in declining, at the close of all the evidence, to peremptorily instruct the jury to return a verdict in its favor. The evidence introduced upon behalf of plaintiff tended to show that at about noon on March 27, 1900, as he was walking on the sidewalk on the south side of the Fox river bridge, at his ordinary gait, on his return from dinner to his place of employment, he stepped upon a plank which gave way and he fell through the hole in the sidewalk caused by its displacement, to his waist; that the sidewalk at the place where he fell was at that time, and had been for a long time prior thereto, out of repair and in an unsafe condition, and that his lower limbs are paralyzed and he permanently disabled as a result of the injury. In view of this evidence the court did not err in declining to take the case from the jury. *Harris* v. *Shebek*, 151 Ill. 287; *Chicago and Alton Railroad Co.* v. *Redmond*, 171 id. 347; *Mueller* v. *Pels*, 192 id. 76; *Illinois Central Railroad Co.* v. *Heisner*, 192 id. 571; *Chicago City Railway Co.* v. *Anderson*, 193 id. 9.

It is next contended that the court permitted appellee's witnesses too great latitude in testifying as to the condition of the sidewalk where appellee was injured. The bridge upon which the sidewalk was located across Fox river was divided by an island. The west section, near the west end of which appellee was injured, was about two hundred feet long. The court confined the testimony of the witnesses to the condition of the sidewalk at and near where the injury occurred and to the time that the witnesses had been in the habit of travel-

ing over the same and were familiar with its condition. We think this ruling of the court correct, and clearly within the rule as announced in *City of Taylorville* v. *Stafford*, 196 Ill. 288. The evidence was material and properly admitted as tending to show that the city had notice of the condition of the sidewalk upon which appellee was injured.

It is further contended that the court erred in permitting the jury to examine certain pieces of timber which had been offered in evidence, with a magnifying glass. Appellant produced upon the trial parts of the stringers which supported the sidewalk at the place where appellee fell, and the same were admitted in evidence. The attorney for the appellee, in the closing argument to the jury, called the jurors' attention to the pieces of stringers offered in evidence and supplied them with a magnifying glass with which to examine the same. The appellant objected to the jurors examining the stringers with a magnifying glass, but the court overruled the objection and stated to the jurors that they might inspect the stringers in any manner they were capable of inspecting them without changing their character, to which ruling of the court the appellant excepted. We think the ruling of the court in permitting the jurors to examine the stringers with a magnifying glass was prejudicial error. The appellant was not an insurer of the safety of the sidewalks upon its streets. It was only required to use reasonable care to keep its sidewalks in a reasonably safe condition, (*City of Chicago* v. *Bixby*, 84 Ill. 82,) and at the trial there was a sharp conflict in the testimony as to the condition of the sidewalk, and the stringers which supported it, at the point where the injury occurred. The witnesses for the city testified the same was in a proper condition and that the planks and stringers were sound, and that it had been inspected carefully on the day preceding the accident. The witnesses for the appellee testified that the stringers were decayed

and would not hold nails, and that the sidewalk at the point where the injury occurred, and in the vicinity thereof, was out of repair at the time of the injury and had been in a defective condition for a long time prior thereto. In this condition of the evidence it was essential to a fair trial that the jury should not alone be instructed correctly, but that nothing should take place in the progress of the trial which might tend to confuse the issues and to prejudice the rights of either party. To permit the jury to examine the stringers, under such circumstances, with a magnifying glass would tend to lead them to believe if the magnifying glass disclosed that the stringers were decayed, that they should find that issue in favor of the appellee although their decayed condition might not otherwise appear. The city was only bound to use reasonable care to discover defects in its sidewalk, and to hold it liable for defects which would be disclosed only upon an examination with a magnifying glass would be to hold it liable for a much higher degree of diligence than the law imposed upon it.

It is said by the appellee that the magnifying glass was not used by the jurors for the purpose of showing that the stringers were decayed, but to show the manner in which they had been sawed through, as bearing upon the question whether they had been sawed from the sidewalk at the point where the injury took place. The bill of exceptions does not show that the use of the magnifying glass was so limited by the court, but shows that the court permitted the jurors to make an examination of the stringers therewith, subject to no limitation. We are bound by the record, as it is conclusively presumed to speak the truth.

As justifying the practice of allowing such examination we have been referred to several cases which hold it was not reversible error for the court to permit the jurors to examine commercial paper with a magnifying glass, with a view to determine whether or not it had

been forged. The question there to be determined was whether or not the paper before the jury was true and genuine, while here the question is whether or not the appellant was guilty of negligence in failing to use reasonable care to keep its sidewalk in a reasonably safe condition, and not whether the stringers were decayed. While it may have been proper for the jurors to use a magnifying glass in the cases referred to, those cases are not, in principle, similar to the case at bar.

For the error suggested, the judgments of the circuit and Appellate Courts will be reversed and the cause remanded to the circuit court for a new trial.

*Reversed and remanded.*