THE CITY OF ELGIN

*v.*

LOUIS F. NOFS.

*Opinion filed October 24, 1904.*

1. CONTINUANCE—*statement that former judgment was set aside does not show meritorious defense.* A statement in an affidavit by a defendant for continuance that a former judgment against the defendant had been set aside, without stating upon what ground, does not show a meritorious defense.

2. SAME—*when sickness of counsel is not ground for continuance.* Sickness on the part of counsel for defendant is not ground for continuance, where the case has been twice tried and records made of the trials and there is no statement in the affidavit that remaining counsel were unable to fairly and fully present whatever defense existed.

3. SAME—*when refusal to grant continuance will not reverse.* Refusal to grant a continuance upon grounds other than statutory will not reverse, unless the court of review can see that the trial court abused its discretion.

4. EVIDENCE—*length of time sidewalk has been defective is competent on question of notice.* Proof of the length of time a sidewalk has been continuously out of repair immediately prior to the plaintiff's injury therefrom is competent upon the question of notice, where the city is denying that the walk was out of repair or that it had notice that it was.

5. TRIAL—*trial court has reasonable discretion as to when proceedings shall be had.* The trial court, in the discharge of its business, must be allowed a reasonable discretion as to when arguments and other proceedings shall be had and the length of time counsel may occupy in argument.

6. APPEALS AND ERRORS—*whether the verdict was excessive is a question settled in Appellate Court.* Whether the verdict in a suit at law was excessive or the result of passion or prejudice is a question of fact conclusively settled by the judgment of the Appellate Court.

7. COSTS—*when appellee must pay all costs of appeal.* On appeal by a city from a judgment for a sidewalk injury, if the appellee enters a *remittitur* of a part of the judgment to which he was not entitled, and the judgment, after deducting the *remittitur*, is affirmed, the appellee should pay all costs of the appeal.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. C. H. DONNELLY, Judge, presiding.

R. N. BOTSFORD, and CHARLES H. FISHER, for appellant.

RUSSELL & HAZLEHURST, for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

Appellee obtained a judgment against appellant in the circuit court of Kane county for $20,000 for personal injuries alleged to be due to the negligence of appellant in the care of its sidewalk. An appeal was prosecuted to the Appellate Court for the Second District, and that court required a *remittitur* of $5000, taking the view that the damages were excessive, and in all other respects affirmed the judgment of the circuit court, and from that judgment this appeal is prosecuted.

No question arises or is made upon the instructions. None was given for the appellee. Twenty-one were given at the request of appellant and two that were requested were refused, but no complaint is made concerning the same. The only question of law,—and such matters alone are open to our consideration,—relates to the refusal of the court to grant a continuance on account of the sickness of a portion of the counsel for appellant, and complaint is made with reference to the admission of certain evidence, the limiting by the court of the argument of counsel, the requirement of the court that the cause should be argued in the evening of the day upon which the evidence was closed, and the judgment of the Appellate Court as to costs.

The case has been three times tried in the circuit court, and the verdict in each instance was for appellee. The first

was for $10,000, the second for $15,000 and the third for $20,000. It has been three times to the Appellate Court, (96 Ill. App. 291; 103 id. 11; 113 id. 618;) and has once before been before this court. (200 Ill. 252.)

When the case was called for trial appellant entered its motion to continue the same or to postpone the hearing thereof to a future day because of the illness of R. N. Botsford, special counsel, and Charles H. Fisher, corporation counsel for appellant. It appears from the record that the trial was entered upon on the 18th day of February, 1903; that on the 9th of February application was made by appellant for a change of venue, and that the attorneys appearing to make that motion, on the part of appellant, were Fisher & Mann, Botsford, Wayne & Bostford and Aldrich & Worcester; that on the 16th of February the same attorneys were present at the consideration of the motion for a change of venue, when the same was overruled; that on the 18th the motion for a continuance, because of the illness of two of the above named attorneys, was made by appellant and overruled and the cause set for immediate hearing, and that at and during the trial there appeared for appellant J. P. Mann, C. H. Wayne and N. J. Aldrich.

We think the evidence fairly and sufficiently shows that attorneys Botsford and Fisher were in such state of health that it was not proper that they should try the cause, but we think also that the evidence failed to show that appellant was or could be injured thereby. Neither of the affidavits states that appellant had a meritorious ground of defense to the action. One states that Botsford was the leading counsel and had charge of the case at the former trials, and the other that Fisher was corporation counsel; and the affidavits also state that the former judgments were set aside, but do not state upon what ground, nor do they state any ground of defense. For all the court could know, the reason for setting aside the former judgments by this and the Appellate Court was solely for errors of the court, and not for lack of suf-

ficient evidence to sustain a verdict. At all events, the mere statement that the former judgment had been set aside did not sufficiently show that appellant had a meritorious or substantial defense to the cause of action, and before delay can be indulged it must appear that there is such a defense, and that the applicant will be prejudiced in presenting it unless the application be granted. The above rule is of such general application that it has been enforced in criminal as well as civil cases. (*Steele* v. *People,* 45 Ill. 152; *Mills* v. *Executors,* 76 id. 381.) Neither of the affidavits stated that the remaining counsel were unable to fairly and fully present whatever defense appellant had. The partners of both Botsford and Fisher were in the case, and remained and conducted the trial in conjunction with Mr. Aldrich. The case had been previously tried twice and records made of such trials, and in the absence of some specific allegation in the affidavits showing why the remaining attorneys were unable to fairly present appellant's defense the court is not warranted in reaching the conclusion that they could not do so. (*Dacey* v. *People,* 116 Ill. 555.) The motion for continuance was not based upon a statutory ground, but upon a ground that where it appears clearly from the evidence that injury is likely to result from a refusal of it, a trial court, in the exercise of a sound discretion, will grant it; but being a matter within the discretion of the court, unless the court of review can see that there was an abuse of that discretion, a judgment otherwise fair upon its face will not be reversed. (*Condon,* v. *Brockway,* 157 Ill. 90.) An inspection of the record discloses that every ground of defense that appellant could interpose to this action was urged and the jury fairly and fully instructed upon the law of the case, and in such state of the record we are not able to say that the trial court abused its discretion in denying the application.

The sidewalk on which the injury was incurred was upon a bridge crossing the Fox river, which the evidence shows had become so old and in such state of repair that a new

bridge was deemed necessary, and was, in a sense, under way of construction. The declaration contained the averments that the stringers of the walk were "old, rotten, loose, decayed, worn and broken," and that the planks were "loose, broken, old, decayed, worn, rotten, unfastened and misplaced," and that appellee "stepped upon, along and against a portion of said old, broken, unfastened, misplaced and decayed sidewalk, and was thereby thrown," etc.

A number of witnesses testified that in the immediate vicinity of the place where appellee was injured, and at and near to the time of his injury, the stringers were rotten and decayed, the planks worn, uneven, broken, misplaced and unmatched, and that the nails would pull up and stand a half inch above the plank, and that though the nails were driven back in place they would again draw out and stand up. These witnesses were asked by counsel for appellee how long this condition had existed continuously, immediately prior to the injury of appellee, at the immediate point where the accident happened. Appellant objected, and urged that the evidence must be confined to the time when and the place where the accident happened. The objection was overruled and the witnesses answered, some stating for one year, others two years and one witness three years. Appellant urges that the court erred in admitting this evidence. Appellant was denying that the walk was out of repair, and further insisting that even if it was out of repair appellant had no notice thereof. The evidence was competent as tending to show notice to appellant of the alleged defects to which this evidence related, and the court, at the request of appellant, instructed the jury that it should only be considered for that purpose, and that if the claimed defects were so near to the time of the accident or had not existed for such time as appellant would be presumed to have notice thereof, and actual notice was not shown, then the evidence as to the general defective condition of the walk should not be considered by the jury. The contention that the evidence should have been confined to the

particular spot or particular plank or hole through which appellee fell and to the particular time of the accident cannot be admitted. The evidence was not broader than the declaration, and for the purpose of charging appellant with notice was clearly admissible. *City of Elgin* v. *Nofs,* 200 Ill. 252; *City of Taylorville* v. *Stafford,* 196 id. 288.

Appellant also urges objections and exceptions to other evidence admitted in the case, and we have examined the same and think there was no substantial error in the ruling of the court in regard to it.

When the evidence was closed the court announced that the argument would be proceeded with at seven o'clock in the evening of that day, and counsel were inquired of as to the length of time required to argue the case. Counsel for appellee stated that they would be satisfied with half an hour. Counsel for appellant objected to arguing the case that evening and also objected to the argument being limited. The court overruled the objections of counsel for appellant, required the argument to be proceeded with, and limited the time to an hour and a half on each side. The questions of fact involved in the case were few and were not intricate, and the questions of law, as applicable to the case, are well settled and generally understood. It is not made to appear that appellant was in any manner prejudiced by the time fixed by the court for the argument or by the limitation upon the same. We are disposed to the view that a reasonable time was given, and courts, in the discharge of the public business, must be given discretion as to when proceedings shall be had. *Monmouth Mining and Manf. Co.* v. *Erling,* 148 Ill. 521.

Appellant argues at great length that the judgment is grossly excessive and is the result of passion and prejudice, and insists that that question is open for the consideration of this court, and in support of its contention cites *Illinois Central Railroad Co.* v. *Ebert,* 74 Ill. 399, *Loewenthal* v. *Streng,* 90 id. 74, and numerous cases from the Appellate Court of

this State wherein judgments have been reversed upon the ground here contended for. But appellant seems to overlook the fact that the two cases cited from this court were cases brought directly to this court from the trial court, when this court, as the Appellate Court now may do, could consider the evidence and could reverse upon the ground that the judgment was excessive; but since the Appellate Court was established and the laws regulating the appeals from that court have limited this court to the consideration of questions of law, only, we are not now permitted to enter into a discussion of and base our action upon matters of fact. Upon reflection we think counsel for appellant will readily concede that whether the judgment at bar is excessive or was the result of passion or prejudice on the part of the jury are questions of fact, and not of law. We have numerous times held that the finding of the Appellate Court upon such matters is final in those cases that come from that court to this court. *Grossman* v. *Cosgrove,* 174 Ill. 383; *Boyce* v. *Tallerman,* 183 id. 115.

After the *remittitur* of $5000 was made in the Appellate Court that court affirmed the judgment of the circuit court and required appellee to pay one-half the costs of that court. Appellant urges that the order of the Appellate Court with reference to costs was error, and that appellee should have been required to pay all the costs of that appeal. The order was erroneous. The Appellate Court should have taxed all the costs of the appeal to appellee. The judgment was $5000 in excess of what appellee was entitled to have. He could have remitted in the trial court and thus save the appeal. He did not do so, but the appeal was necessary in order that appellant might be relieved from this excess. By remitting in the Appellate Court appellee cannot escape the error thus committed by the trial court in his favor and escape the payment of the costs of the appeal. *Elgin City Railway Co.* v. *Salisbury,* 162 Ill. 187; *Snell* v. *Warner,* 91 id. 472; *North Chicago Street Railroad Co.* v. *Wrixon,* 150 id. 532.

The judgment of the Appellate Court is erroneous as to costs and in that respect is reversed.   In all other respects the judgment of the Appellate Court is affirmed.   Judgment will be entered in this court for appellant for all costs of appeal in the Appellate Court and in this court.

*Reversed in part and affirmed in part.*