## Mary Weyh, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 14,452.

1. PERSONAL INJURIES—*when restriction of cross-examination erroneous.* If upon direct examination evidence has been adduced tending to show that fatty tumors resulted from an accident, it is reversible error to refuse to permit a question upon cross-examination the answer to which might tend to show that such tumors were not the result of such accident.

2. EVIDENCE—*when medical books incompetent.* So long as a witness testifying has not assumed to base his opinion upon the authority of a particular author, the opinion of such author as expressed in his treatise (even if such opinion so expressed is examined by the witness), is incompetent.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed April 20, 1909.

WILLIAM J. HYNES and WATSON J. FERRY, for appellant; JOHN R. HARRINGTON, of counsel.

JOHN A. BLOOMINGSTON, for appellee.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

Mary Weyh, appellee, brought suit against appellant for personal injuries and recovered a judgment. Appellant prosecutes this appeal to reverse that judgment. Appellee's charge of negligence is that she was riding on appellant's car going north on Wabash avenue and, after the car had stopped at the northeast corner of Wabash avenue and 20th street, to let her off, the car started while she was in the act of getting off, by reason whereof she fell and was injured. There is an irreconcilable conflict in the evidence in regard to the stoppage of the car and her getting off. In view of the disposition of the case we are obliged to make,

we refrain from any discussion of the facts in that connection.

At the time of the trial appellee had two fatty benign tumors, one on the back of her left shoulder and the other on her left side toward the back, which, on her part, it was contended had developed from bruises she received when she fell. These tumors were among the most serious results claimed from her fall. It was contended that they had continued to increase in size from year to year. On the part of appellant it was contended that these tumors, medically termed lipoma, were not and could not be produced by any injury, or trauma, and, furthermore, that the tumors existed previous to her fall, which would appear from the condition, shortly after her fall, of the places on her body where these tumors were. Appellee's physician was called as a witness on her behalf. He had been called in the day after she was injured and visited her daily for about two weeks next following and, thereafter, off and on for about four months. Upon direct examination he described her condition when he first called and particularly the condition of the two places where these tumors were. He then said: "They looked traumatous, as if produced by a blow" and that, during the two weeks following his first call, she called his attention to a couple of swellings that "were in the same spots where the bruises and swellings had been the first day that I saw her." Upon cross-examination appellant's attorney asked this witness:

"Q. Assume that these tumors were lipomas before she met with this accident, and then that she had a fall off a street car and bruised them, I will ask you, doctor, if the conditions that you found there on your first visit after this accident, whether they were not the very conditions that you would expect to find if a woman had a lipoma and got it bruised?"

This question was objected to by appellee's attorney and the court sustained the objection, saying: "It is

not cross-examination.'' We think the trial judge clearly erred in refusing to permit an answer to be made to that question. Appellee's attorney had, in his direct examination, skillfully obtained from the witness a description of the two places in question as contusions, bruises and swellings without a word being uttered as to whether or not they were or had the appearance of being then existing tumors. Obviously the question asked was proper cross-examination in this connection. Manifestly substantial error was committed in not permitting appellant's attorney to demonstrate, if he could, upon cross-examination of appellee's own physician, who examined her the day after her injury, that the tumors she complains of existed then. The fact that they existed then, if such is the fact, would go a long way toward demonstrating that they were not the result of her fall the day before. Fatty tumors probably do not grow in a day so as to be perceptible.

Another error, of substance, intervened in the trial below. Our Supreme Court has spoken plainly on the subject of the admission of medical or other scientific books in evidence before a jury. They are not admissible in evidence. City of Bloomington v. Schrock, 110 Ill. 219. In that case it was also said that the weight of current authority is against allowing such treatises to be read from to contradict an expert, generally. An exception to this general rule was, however, recognized there, in this that where an expert assumes to base his opinion upon a particular author's book, that book may be read in evidence to contradict him. At the trial appellant called two physicians who testified that, in their opinion, the tumors in question were not and could not be occasioned by trauma. In their direct examination there was no reference to any medical work or to any writer on any medical subject. Yet on the cross-examination of both these witnesses, over objections which were overruled, they were permitted to answer as to differing in opinion on this subject

from various named medical writers. Furthermore, appellee's attorney, in cross-examination, was, over objection, permitted to submit to the witnesses medical books and examine the witnesses as to whether the theories expressed therein were not at variance with the expressed opinions of the witnesses. Appellee's attorney, over objection, was also permitted to read to the court and jury from a medical work on the ground, as the court (treating it as asking a question) expressed it, after ruling to that effect: "He has a right now, after the doctor has examined it, to ask that question." We fail to see that it makes any difference, upon the non-admissibility of opinions expressed by medical writers, whether the particular witness has examined the book wherein the opinion is expressed. As to the writer whose opinion is read there has been no opportunity of cross-examination and that is sufficient to exclude his opinion from the jury, so long as the witness testifying has not assumed to base his opinion upon the authority of the particular author. For the errors referred to which were most prejudicial in their nature the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*