# Carrie Brodie, Appellee, v. City of Lewistown, Appellant.

1. NEGLIGENCE—*what evidence competent to show notice of defective condition of sidewalk.*   Evidence as to the defective condition of a sidewalk adjoining that upon which an injury occurs is competent upon the question of constructive notice to the city if it was constructed at the same time and was in the same generally defective condition as the sidewalk in particular question.

2. EVIDENCE—*how effect of should be limited.*   If evidence is competent for one purpose and incompetent for another a party cannot complain if such evidence is received generally unless by motion or instruction he calls upon the court to limit its application.

3. EVIDENCE—*when medical and surgical books incompetent.*   Statements contained in medical and surgical books are incompetent as independent evidence.

4. DAMAGES—*when admission of erroneous evidence will not reverse.*   The erroneous admission of evidence which could only affect the question of damages will not reverse if the verdict rendered was not excessive.

5. APPEALS AND ERRORS—*when rulings upon evidence not saved for*

*review.* In the absence of objections having been made rulings upon evidence are not saved for review.

Action in case of personal injuries. Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911. Rehearing denied October 24, 1911.

LAWRENCE W. JAMES and MARVIN T. ROBISON, for appellant; M. P. RICE, of counsel.

HARVEY H. ATHERTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

In this suit by appellee against appellant to recover damages for personal injuries alleged to have been caused by a defective sidewalk there was a verdict and judgment against appellant for $4,000.

That the sidewalk in question, which was constructed of boards or planks, was defective as alleged; that appellant had both actual and constructive notice of its condition in that regard; and that at the time appellee was injured as alleged she was in the exercise of due care and caution for her own safety are facts so clearly established by the competent evidence in the case that it would serve no useful purpose to enter into an extended discussion of such evidence.

The notice of the injury, required by the statute to be given to appellant, was in apt time and fully conformed with the requirements of the statute. The sidewalk adjoining the premises of P. E. Bailey and the Misses Barber was constructed at the same time and was in the same generally defective condition, and proof of such defective condition was proper as tending to show constructive notice thereof to appellant. City of Taylorville v. Stafford, 196 Ill. 288; City of Elgin v. Nofs, 200 Ill. 252; Same, 212 Ill. 20. Appellant concedes the propriety of the evidence for the purpose

indicated, but insists that the evidence should have been limited to such purpose. If appellant had offered an instruction to that effect it would doubtless have been given to the jury. Evidence of accidents of a similar character upon the same sidewalk to other persons than appellee, while not competent for the purpose of showing independent acts of negligence, was competent as tending to show notice to appellant and also that the common cause of the accidents was a dangerous and unsafe thing. City of Taylorville v. Stafford, *supra;* City of Chicago v. Jarvis, 226 Ill. 614.

Over the objection of appellant, appellee was permitted to show that her family consisted of her husband and two children, a girl and boy, aged respectively ten and eight years. This evidence was improperly admitted, but as its admission in this case could have only affected the amount of damages, and the damages as hereafter considered, are not excessive, the error was harmless. The same may be said regarding the admission of evidence of the expenditure by appellee of $25 for clothing. It is also urged that certain other evidence relating to mental suffering endured by appellee as a result of her injuries, and as to the occupation of appellee and the amount of her earnings prior to her injuries, was improperly admitted. As this evidence was admitted without objection the question of its competency is not preserved for review. The court did not err in excluding the offer of appellant to show the statements contained in certain medical and surgical books relative to the character of the injuries sustained by appellee. City of Bloomington v. Schrock, 110 Ill. 219; Chicago City Ry. Co. v. Douglas, 104 Ill. App. 41; Weyh v. Chicago City Ry. Co., 148 Ill. App. 165.

The objections to the instructions given at the instance of appellee are wholly hypercritical. They state the law with substantial accuracy and have been repeatedly approved. Town of Normal v. Bright, 223

Ill. 9; Graham v. City of Rockford, 238 Ill. 214; Donk Bros. Coal Co. v. Thil, 228 Ill. 233; Wallace v. City of Farmington, 231 Ill. 232; Guianios v. DeCamp Coal Co., 242 Ill. 278.

Appellee's injuries consisted of a fracture of the ulna, a dislocation of the radius, a stiffening of the wrist and fingers and injury to the nerves of her right arm and hand. The injuries were especially severe, difficult and obstinate of treatment, attended with great pain and suffering and are permanent in character.

Appellee has expended more than $900 for necessary surgical and hospital attendance and charges, and at the time of the trial was still under treatment by a physician and surgeon, and the evidence shows that she would necessarily incur further expense for such treatment. We cannot say that the damages awarded are more than compensatory.

There is no prejudicial error in the record and the judgment is affirmed.

*Affirmed.*