**Ella A. Moore, Administratrix of the Estate of Alexander Moore, Deceased, Appellee, v. Bloomington, Decatur & Champaign Railroad, Appellant.**

1. RAILROADS, § 762*—*when proper to refuse peremptory instruction for defendant in action for death at crossing.* In an action for the death of plaintiff's decedent who was killed as a result of a collision at a highway crossing between the automobile which he was driving and defendant's interurban electric car, *held* that the refusal of defendant's motion for a peremptory instruction was proper, there being evidence from which without doing violence in the eye of the law the jury could find the verdict for plaintiff which it returned.

2. RAILROADS, §§ 733, 738*—*when evidence sufficient to sustain verdict for plaintiff in action for death at crossing.* In an action for the death of plaintiff's decedent who was killed as a result of a collision at a highway crossing between the automobile which he was driving and defendant's interurban electric car, *held* that, considering all of the evidence, it could not be said that the verdict for plaintiff was wrong on the facts either as to the charge of negligence on the part of the defendant or as to the charge of contributory negligence on the part of the deceased.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Moore v. B., D. & C. R., 215 Ill. App. 546.

3. RAILROADS, § 709*—*when evidence of other accidents at same crossing admissible in action for death at crossing.* Where it is charged in the declaration in an action for wrongful death, occurring as a result of a collision at a highway crossing between the automobile which the deceased was driving and defendant's interurban electric car, that the railroad was so obscured by embankments, weeds, trees and other objects near by that persons approaching the crossing could not see the approach of cars, and proof in support of such allegation is offered, it will not be error to admit proof of other accidents at the same crossing at previous times under similar circumstances for the purpose of showing the existence of inherently dangerous conditions at the crossing and knowledge thereof on the part of the defendant.

4. APPEAL AND ERROR, § 1514*—*when corporate defendant not injured by argument of counsel.* Where, in an action for wrongful death, occurring as a result of a collision at a highway crossing between the automobile which the deceased was driving and defendant's interurban electric car, counsel for plaintiff began to quote in his argument to the jury what some newspaper had said about corporations that had "no soul to damn" but did not complete the quotation, he being stopped by an objection that was sustained by the court, *held* that it was not apparent how defendant could have been injured by the incomplete quotation.

5. DEATH, § 73*—*when instruction on subject of damages is not erroneous.* An instruction in an action for wrongful death that if the jury believed from a preponderance of the evidence that plaintiff was entitled to recover, etc., its verdict should be for the plaintiff and it should assess the damages at such sum as it believed from the evidence the party for whose use the suit was brought had actually sustained, if any, was not erroneous because it did not in express terms limit the damages to be allowed to "pecuniary" damages.

6. INSTRUCTIONS, § 151*—*when not error to refuse requested instructions.* It is not error to refuse instructions, the subject-matter of which is fully and fairly covered by the instructions given.

7. DEATH, § 67*—*when verdict for $5,000 for death of man 64 years old is not excessive.* A verdict for $5,000 for the wrongful death of a man 64 years of age, well to do, actively engaged in the business of conducting three farms and in good health with an expectancy of more than 15 years, *held* not excessive.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919. Modified and refiled December 29, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Le Forgee, Black & Samuels, for appellant.

Jesse L. Deck and Charles F. Evans, for appellee.

Mr. Presiding Justice Graves delivered the opinion of the court.

Appellee's decedent was killed at the intersection of a public highway and the railroad tracks of appellant at what is known as Swartz crossing, by a collision between an automobile he was driving and an electrically propelled car belonging to and being operated by the servants of appellant on its tracks there. Appellant concedes that the controversy turns on whether the accident was due to some negligence charged in the declaration or to the contributory negligence of the deceased. Appellee secured a verdict and judgment for $5,000.

The motion of appellant for a peremptory instruction was properly refused. There was evidence from which, without doing violence in the eye of the law, the jury could find the verdict returned. *Libby, McNeill & Libby v. Cook*, 222 Ill. 206. More than that, a careful consideration of all the evidence in this case leaves us unable to say that the verdict is wrong on the facts either as to the charge of negligence on the part of appellant or as the contributory negligence on the part of the deceased.

It is charged in the declaration that the railroad was so obscured by embankments, weeds, trees and other objects nearby that persons approaching the Swartz crossing could not see the approach of cars from the east on appellant's tracks, and proof was offered in support of that allegation. Proof of other accidents at this same crossing at previous times under similar circumstances was also admitted. That was not error. The speed of a car run on the tracks of appellant approaching the Swartz crossing might be negligent or not according to known dangerous conditions there

existing. If that crossing was by reason of conditions charged in the declaration inherently dangerous, proof of other accidents occurring there under similar circumstances would tend to show not only that the conditions there were inherently dangerous but would also tend to show knowledge on the part of appellant of such conditions, and knowledge of inherently dangerous conditions would require of appellant the running of its train with reference thereto. The Supreme Court said of such evidence: "This evidence was competent, not for the purpose of showing independent acts of negligence, but as tending to show that the common cause of accidents was a dangerous and unsafe thing and the frequency of such accidents also tends to raise a presumption of knowledge." *City of Chicago v. Jarvis*, 226 Ill. 614; *City of Bloomington v. Legg*, 151 Ill. 9; *City of Taylorville v. Stafford*, 196 Ill. 288.

Counsel for appellee in his argument to the jury began to quote what some newspaper had said about corporations that had "no soul to damn," but was stopped by an objection that was sustained by the court and did not complete his quotation. It is not apparent how appellant could have been injured by the incomplete quotation.

The 9th instruction given for appellee dealt with the right to prove by circumstantial evidence the habits of the deceased for care. It is in accord with what has already been said on that subject. The giving of it was not error.

The twenty-first instruction given for appellee was as follows:

"The court instructs the jury that if you believe from a preponderance of the evidence that plaintiff is entitled to recover under any one of the counts of the declaration before you for consideration, your verdict should be for the plaintiff and you should assess the damages at such sum as you believe from the evidence

the party for whose use this suit is brought has actually sustained, if any.''

It is argued that this instruction is erroneous because the language employed does not in express terms limit the damages to be allowed to "pecuniary" damages. In support of this contention appellant cites the case of *Shields v. J. H. Dole Co.*, 168 Ill. App. 362. What is there said on this subject is clearly in conflict with the holdings of our Supreme Court in *Illinois Terminal R. Co. v. Thompson*, 210 Ill. 226, and in *Illinois Cent. R. Co. v. Cozby*, 174 Ill. 109, and in many other cases. It was not error to give this instruction.

Four instructions offered by appellant on the question of the duty of appellee to prove that the deceased was in the exercise of due care for his own safety, and the effect of contributory negligence of the deceased upon the right of appellee to recover, were properly refused. There is no necessity for the repetition of the same proposition of law over and over again in the same series of instructions. The jury in this case were fully and fairly instructed on the subjects contained in the four refused instructions named.

The verdict was not excessive. It is not too much to expect that a man of 64 years of age, well to do, actively engaged to the business of conducting three farms, and in good health with an expectancy of more than 15 years would in those 15 years be of more benefit to his next of kin than $5,000.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*