CHICAGO—FIRST DISTRICT—FEBRUARY, 1913.   323

Brossman v. Drake Standard Machine Works, 177 Ill. App. 323.

## William Brossman, Appellee, v. Drake Standard Machine Works, Appellant.

### Gen. No. 16,998.

1. DAMAGES—*when not excessive.* A judgment for $3,500 is not excessive where part of the thumb was amputated, thus impairing the strength of the hand and the power to grasp small objects.

2. DAMAGES—*when no passion or prejudice.* A verdict for $5,000 does not show passion or prejudice where part of plaintiff's thumb was amputated and the strength of his hand and his power to pick up small objects was thereby greatly reduced.

3. APPEALS AND ERRORS—*conduct of counsel.* Where an attorney manifests a disposition to bring immaterial matters into a case in the examination of jurors and witnesses, the verdict may be set aside on that ground if such procedure affects the verdict or produces passion or prejudice.

4. DAMAGES—*casualty insurance.* In an action for personal injuries, examination of witnesses regarding defendant's casualty insurance is properly excluded where there is no basis for it.

5. EVIDENCE—*statements made when affidavits were secured.* In an action for personal injuries, it is not error to admit a statement by one witness to others, when affidavits for defendant were secured, that by signing the affidavit they were not signing their lives away, and that the making of the affidavit was a mere matter of form.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed February 11, 1913.

HANS L. HOWARD, for appellant.

IRVING W. BAKER and CHARLES E. HECKLER, for appellee; C. E. HECKLER, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This is the second time this case has been before this court. A judgment for the plaintiff on the first trial was affirmed in Drake Standard Mach. Works

324    APPELLATE COURTS OF ILLINOIS.

Brossman v. Drake Standard Machine Works, 177 Ill. App. 323.

v. Brossman, 135 Ill. App. 209. The Drake company appealed from the judgment of this court to the Supreme Court, and secured a reversal solely upon the ground that there had been errors in the rulings of the trial court upon questions of evidence. Brossman v. Drake Standard Mach. Works, 232 Ill. 412.

The evidence upon the second trial contained in this record is substantially the same as that offered on the first trial with the evidence which the Supreme Court held incompetent omitted. Some additional evidence on behalf of the plaintiff is contained in the record to the effect that the break in the hook which caused the injury was in part an old break. A full statement of the material facts appears in Drake Standard Mach. Works v. Brossman, 135 Ill. App. 209, and any further statement at this time is unnecessary.

It is contended on behalf of appellant that appellant was not guilty of any negligence, and the appellee was guilty of contributory negligence. Upon these questions of fact two juries have passed, and we are not convinced from an examination of the record that the verdict of the jury is manifestly against the weight of the evidence. We are, therefore, not authorized to set aside the verdict upon the ground that appellant was not guilty of any negligence or that appellee was guilty of contributory negligence.

The jury returned a verdict of $5,000 for the injuries sustained by appellee. This the court considered too large and required a remittitur of $1.500 by the appellee, and upon this remittitur being made, entered judgment on the verdict for the sum of $3,500. The injury was such as to require the amputation of part of the thumb of appellee's hand. The record does not show at just what point the thumb was removed. We are not prepared to say, upon an examination of the evidence and consideration of all the facts and circumstances developed therein, that the verdict and judgment is too large. The evidence tends to show

that the strength of appellee's hand is impaired, and the power of grasping small objects is greatly reduced. We are of the opinion that the damages awarded are not excessive. Neither do we think that the amount of damages awarded shows passion or prejudice on the part of the jury.

It is urged that improper questions were put to the jurors in the examination as to their qualifications to serve as jurors. We think that appellee's attorney manifested a disposition to bring into the case immaterial matters both in the examination of the jurors and in the examination of witnesses, and if we could see from the record that this procedure upon the part of appellee's counsel had in any way affected the verdict or produced any passion or prejudice on the part of the jurors, we would not hesitate to set aside the verdict upon that ground. We are unable, however, to reach the conclusion that this conduct produced any such effect. The examination with reference to casualty insurance with the Fidelity & Casualty Insurance Company of New York should not have been made or attempted. Upon objection it was properly ruled out by the court. There was no basis for it, and only harm could result to appellee from such examination. One question was allowed by the court which we think was objectionable because of its being leading and suggestive—that was in regard to the appearance of the portion of the hook, and whether it was an old crack at the point of breakage. We think the error was trivial, and did not prejudice the case.

Complaint is made as to the admission of a conversation between witness Lindner and others at the time of securing certain affidavits by appellant with reference to the condition of the hook by the breaking of which the injury was caused. The witness testified that one of the witnesses said with reference to signing the affidavit that they were not signing their lives away, and that the making of the affidavit was a mere

matter of form. We do not think the admission of this evidence was error.

Finding no material error in the record, the judgment is affirmed.

*Affirmed.*